SUTTON v. WANAMAKER et al.

(Supreme Court, Appellate Term. October 27, 1905.)

1. SALES—FAILURE TO DELIVER GOODS—DAMAGES.

A seller who, with knowledge that the buyer must deliver the goods to another under an agreement providing for penalties for delay beyond the time fixed in the seller's contract, fails to deliver the goods in time, is liable to the buyer for the penalties incurred through the default; such damages being within the contemplation of the parties.

[Ed. Note.—For cases in point, see vol. 43, Cent. Dig. Sales, § 1193.]

2. SAME—CONTRACT OF SALE—STIPULATIONS—QUESTIONS FOR JURY.

Whether a contract of sale stipulated that the seller would not be liable for the penalties to which the buyer was subject for his delay in delivering the goods to another, so as to be relieved from liability to the buyer for penalties incurred through the seller's failure to deliver in time, held, under the evidence, for the jury.

3. WITNESSES—IMPEACHMENT—INCONSISTENT STATEMENTS—EVIDENCE.

Where a witness was interrogated with sufficient particularity as to his having made statements contradicting his testimony, the exclusion of evidence of the statements for the purpose of impeachment was erroneous.

[Ed. Note.—For cases in point, see vol. 50, Cent. Dig. Witnesses, §§ 1209, 1241, 1242.]

Appeal from City Court of New York, Trial Term.

Action by George H. Sutton against John Wanamaker and others. From a judgment for plaintiff, defendants appeal. Reversed.

Argued before SCOTT, P. J., and BISCHOFF and FITZGERALD, JJ.

Louis Frankel, for appellants.

Herbert H. Maas, for respondent.

BISCHOFF, J.   The action was brought for goods sold and delivered, and, admitting the cause of action, the defendants set up a counterclaim, or set-off, for the amount of penalties incurred by them in their transactions with the United States government through the plaintiff's failure to deliver the goods at specified dates. A verdict having been directed for the plaintiff, the question is presented whether, in any aspect of the proof, the jury could have found that the goods were sold to the defendants by the plaintiff with knowledge that the defendants' purpose was to deliver them to the government under an agreement which provided for penalties if deliveries were delayed beyond the dates fixed by the plaintiff's own agreement with these defendants. Upon such a finding, the defendants would have been entitled to special damages, measured by the penalties incurred through the plaintiff's default, since these damages would thus be deemed to have been within the contemplation of the parties (Hecla Powder Co. v. Signa Iron Co., 91 Hun, 429, 433, 36 N. Y. Supp. 838) ; and, in our view, there was evidence to take the case to the jury on the issue tendered.

The plaintiff was asked to quote a price for goods following specifications furnished bidders for a contract with the government, and he did give a price to the defendants' agent, with knowledge, as he himself testified, that the defendants would be charged with a penalty if the goods were not delivered within the time specified. He further testified, however, that, when making the arrangement with the defendants' agent, he had stated that he would not make himself responsible for the penalty, and that the agent assented. The witness Schultz, the agent referred to, but not at present in the defendants' employ, was called in behalf of the plaintiff, and, when first examined, testified that nothing had been said about penalties in his interview with the latter. When recalled, after the plaintiff's examination, he gave different testimony, supporting the plaintiff's statement that he had expressed himself as unwilling to incur any liability for penalties. In view of the contradictory nature of this agent's testimony, of the admitted fact that he never reported to his principals any such condition of the agreement, and in view, also, of the evidence of an admission made by the plaintiff at variance with his claim that he was exempt from liability for these penalties, there was a question for the jury as to whether the agreement for this exemption had ever been made. If it had not, the plaintiff's admitted knowledge that the goods were required for compliance with a contract which provided for penalties would suffice to support a finding favorable to the defendants upon the counterclaim.

It is to be noted, also, that error was committed in the exclusion of evidence offered for the defendants to show that the witness Schultz

had made a statement to defendants' witness Dillon inconsistent with his testimony at the trial. On cross-examination Schultz was interrogated as to this statement with ample particularity, but the testimony of the impeaching witness was excluded. Had the evidence been received, the defendants, upon a favorable reply to the question, could have shown that Schultz reported to his superior, Dillon, that the defendants had been protected in the matter of penalties, as involved in the arrangement with the plaintiff—a statement directly opposed to the accuracy of Schultz's testimony, and thus of obvious import to the issue of credibility.

The respondent's suggestion that the defendants' contract with the government had no existence until after the making of the contract in suit overlooks the apparent nature of the transaction. Terms were arranged with the plaintiff, awaiting the defendants' order for the goods, and the contract had its inception at the time of the order, which, as appears, was after the time when the government contract was made. If a contrary intention were to be found, the finding would involve a construction of the evidence and the determination of conflicting influences, and, in the most favorable view to the respondent, a question of fact would be presented as to whether the government contract was made before or after the contract in suit. The point, therefore, cannot avail in support of this judgment upon a verdict by direction.

Judgment reversed, and new trial ordered, with costs to appellants to abide the event. All concur.