## H. SHURTER V. M. BUTLER.

Decided June 6, 1906.

**1.—Breach of Contract—Proximate Damages.**

B. sued S. for the price of brick furnished to construct a sewer. S. admitted the debt, but plead in reconvention for damages occasioned by delay on the part of B. in furnishing the brick as they were needed for the work, and as B. had contracted to do; the damages claimed were $10 per day liquidated damages paid to the city for delay in completing the sewer; expenses of a watchman during the delay; expenses of extra labor; and expenses of reexcavation occasioned by the delay. B. knew that S. was under contract to complete the work within a certain time, and that this could not be done unless the brick were furnished promptly as needed. When the first delay in furnishing brick occurred, S. threatened to buy brick elsewhere, but was dissuaded by B.'s agent, who promised that the brick should be promptly furnished. Held, it could not be said as matter of law that said damages were too remote, and the court erred in excluding evidence of the same.

**2.—Same—Repudiation.**

To justify a party to a contract in repudiating the same he must not be in default himself, and the breach of the other party must be without excuse. A party can not stand on and repudiate a contract at the same time.

Appeal from the District Court of Harris County. Tried below before Hon. W. P. Hamblen.

*Brockman & Kahn* and *J. V. Meek,* for appellant.—"The court erred in holding, as a matter of law, that this defendant could not recover from the plaintiff under the pleadings and contract for the several items of damage alleged in the defendant's cross bill, save and except the difference in the price of the brick bought from Milby and Daw, and the contract price that the plaintiff was to have furnished said brick for; and in also holding, as a matter of law, that on the contract declared on that the defendant could only have recovered, under the court's view of the law, the difference in the value of the brick contracted to be delivered, if they had been delivered, and the value of said brick as they were so delivered, if the brick were not as valuable as those contracted for." Watkins v. Junker, 90 Texas, 584; same case, 38 S. W. Rep., 1129.

*Fisher, Sears & Sherwood,* for appellee.—Appellant having alleged that he was to pay appellee for the latter's bricks as, or when, appellant received his money from the city, then if appellant did receive such money and failed to pay appellee, he could not recover against appellee on his cross bill. Kelly v. Webb, 27 Texas, 369; Johnston v. McDonnell, 37 Texas, 603; Page v. Payne, 41 Texas, 146; Davis v. Yates, 1 Texas Ct. Ap. (W. & W.), sec. 265; Miller v. Sullivan, 14 Texas Civ. App., 130; Felton v. Tally, '72 S. W. Rep., 614; 7 Am. and Eng. Ency. of Law, 114 and 121.

REESE, ASSOCIATE JUSTICE.—M. Butler sued H. Shurter to recover $2,400.10 alleged to be due him by Shurter for bricks sold and delivered. Defendant Shurter answering admitted that he owed the amount stated,

but pleaded in offset and reconvention damages growing out of a breach of the contract whereby Butler had agreed to sell and deliver the bricks within a limited time, which it was alleged he had failed to do.

Upon trial before a jury Butler had a verdict for the amount claimed by him to be due, less $280, being a part of the damages claimed by defendant in his plea in reconvention. From this judgment defendant Shurter appeals.

Appellant had made a contract with the city of Houston to build certain sewers, which contract required him to complete the work in 120 days, or in default to pay $10 per day liquidated damages after the expiration of that time until the work was completed. Appellee's agent, with whom appellant contracted to furnish the brick for the work, knew the terms of the contract. For the work about one million bricks were required, and by the terms of the contract between appellant and appellee's agent they were to be furnished at such time and in such quantities as they were called for, and to be paid for as appellant received his money from the city, which was to be paid to him as the work progressed upon estimates of the work done, less twenty percent which was to be held back by the city until its completion. Instead of completing the work in 120 days it was not done for nearly a year, the delay being caused, as alleged, by the failure or refusal of appellee to furnish brick as required for the work and as demanded by appellant. There was evidence tending to show that this delay began the first month of the contract, and that appellant proposed or threatened then to get brick elsewhere, but was dissuaded by appellee's agent.

Certain damages were claimed by appellant in his plea in reconvention as proximately caused by appellee's failure to furnish brick as agreed, thus delaying the completion of the work; such as the $10 per day paid to the city under the contract for the delay in completing the sewer; the expense of a watchman required to watch the excavation made for the sewer, for the time the completion of the work was delayed; a large sum expended for extra labor rendered necessary by the delay; and the amount expended for re-excavation occasioned thereby; as well as the difference between the amount paid by him for about 300,000 brick, which appellant was compelled to buy elsewhere upon appellee's refusal to furnish the same, and the contract price thereof.

The errors assigned are to the ruling of the court in refusing to permit appellant to prove any of the items of damages claimed except the difference in the price of the brick, such damages being considered by the court too remote, as appears by bill of exceptions number 5 in the record.

We think the court erred in sustaining objections to the testimony offered as to these items of damage. It can not be said that, as matter of law, they were too remote to be recovered. Appellee knew that the work had to be completed in 120 days and that the completion of the work depended upon his furnishing the brick promptly as needed in the prosecution of the work. There is evidence tending to show that appellant proposed to purchase the brick elsewhere when appellee's failure to furnish them as required began to delay the work, and that he was dissuaded from doing so by appellee's agent who promised that brick should be promptly furnished. If there was a breach of the contract by appellee he was liable to appellant for such damages as were the proxi-

mate result of the breach; that is, for all such damages as resulted directly from such breach and which might be reasonably supposed to have been in contemplation of the parties, at the time of making the contract, as likely to result therefrom. (Gulf, C. & S. F. Ry. Co. v. Loonie, 84 Texas, 259; Gulf, C. & S. F. Ry. Co. v. Hume Bros., 87 Texas, 220; Westfall v. Perry, 23 S. W. Rep., 741; Watkins v. Junker, 38 S. W. Rep., 1131; 8 Am. & Eng. Ency. of Law, 637-8.) The expenses incurred by appellant must have been reasonable and necessary, and appellant must have been justified in incurring them by the circumstances.

The only answer made by appellee in his brief to the various assignments of error is that, even if the court erred in the matters complained of, such errors are harmless for the reason that appellant alleged that he was to pay appellee when appellant received his money from the city, and the proof was that he did receive such money, but failed to make the payment. The evidence showed that appellant had received pay for the work and had not paid appellee in full for the brick. There is further a suggestion, not very clear from the evidence, that he did not pay appellee for the installments of brick furnished as he received his installments of pay from the city, but it also appears that appellee continued to furnish brick, though not as fast as they were required, after the alleged default in payment by appellant, thus holding on to the contract instead of repudiating it. The agreement of appellee to furnish the brick and of appellant to pay for them were dependent contracts, and the failure of appellant to pay, as agreed, if without excuse, authorized appellee to repudiate the contract to deliver, but in order to justify him in doing so, he must not have been himself in default or guilty of a breach on his part, and the failure of appellant to pay must have been without excuse. (2 Parson's Contracts (bottom), pages 833-835.)

If by appellee's breach, appellant being at the time without fault, appellant had suffered damage for which appellee would be liable, appellee could not thereafter, without making good such damages, elect to repudiate the contract because appellant withheld pay which would have been due appellee if he had carried out the contract, and held the money to recoup himself for the damages sustained. Appellant sought to show why he had not paid appellee according to the terms of the contract, but was not allowed to do so. This was error. Appellee's brief does not furnish a sufficient answer to the various assignments of error.

For the errors indicated the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*