CZARNIKOW, MacDOUGALL & CO. v. BAXTER et al.

(Supreme Court, Appellate Division, First Department.   July 7, 1911.)

1. SALES (§ 418*)—REMEDIES OF BUYER—DAMAGES—SPECIAL DAMAGES.

Where defendants contracted with plaintiff for the sale of ties to be delivered by a certain date with knowledge of plaintiff's contract of resale and deposit to be forfeited in case he did not deliver the ties in time, defendants' failure to deliver the ties at the time agreed upon renders them liable in special damages for the amount of the forfeiture.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1174–1201; Dec. Dig. § 418.*]

2. SALES (§ 418*)—REMEDIES OF BUYER—DAMAGES—DUTY TO PURCHASE ELSEWHERE.

A buyer of ties, who was under a contract with a street railway to deliver ties by a certain date, with a penalty for failure, cannot recover the amount of penalty from one who failed to furnish him ties in accordance with a contract, if the buyer could have purchased ties elsewhere and prevented the imposition of the penalty.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1188; Dec. Dig. § 418.*]

3. SALES (§ 417*)—REMEDIES OF BUYER—DAMAGES.

One who purchased ties for delivery at a certain time cannot recover prospective profits in an action against the seller, who failed to deliver on time, without proof that the ties had no market value at the time and place delivered. ·

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1173; Dec. Dig. § 417.*]

4. APPEAL AND ERROR (§ 206*)—REVIEW—OFFER OF PROOF.

Where an objection to the testimony of a witness was sustained on the ground that, under the pleadings, damages sought to be shown by his testimony could not be recovered, plaintiff need not qualify the witness to preserve his exception.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 206.*]

5. DAMAGES (§ 142*)—PLEADINGS—SPECIAL DAMAGES.

Allegations of special damages do not prevent recovery under allegations of general damages, though there are no averments showing the nature of the general damage.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 413; Dec. Dig. § 142.*]

Appeal from Trial Term, New York County.

Action by Czarnikow, MacDougall & Co. against George S. Baxter and others.   From a judgment dismissing the complaint and denying his motion for new trial, plaintiff appeals.   Reversed and remanded.

See, also, 129 App. Div. 904, 113 N. Y. Supp. 1130, and 130 App. Div. 879, 114 N. Y. Supp. 1123.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, MILLER, and DOWLING, JJ.

William P. Maloney, for appellant.
George V. Mullan, for respondents.

MILLER, J.   This case was tried before the court without a jury, upon a stipulation that at the close of the evidence both sides should

move for the direction of a verdict and that the court should dispose of the case as though a jury were present. At the close of the case the court granted the motion of the defendants, dismissed the complaint for failure of proof, and directed judgment in favor of the defendants on their counterclaim.

On the 25th of October, 1905, the plaintiff entered into a contract with the defendants for the purchase of 26,000 cypress ties, to be delivered by the defendants at the "Regla Wharf, Havana—shipment to be made from Brunswick the first week in January, if possible, sooner." The contract was evidenced by two letters, written by the respective parties. The lumber was purchased by the plaintiff for resale to the United Railways of Havana. The purchase price was 69 cents each; the resale price was 75 cents each. The plaintiff agreed in the contract of resale to make deliveries at the wharf of its vendee at Regla, Havana, Cuba, in March, 1906. The contract of resale also provided for a deposit of $2,500, "in guarantee of the satisfactory fulfillment of this contract, which sum is to be returned to him (meaning J. M. Clark, the plaintiffs' agent, in whose name the contract was made) on such satisfactory fulfillment, or if not to be forfeited to the party of the second part." The ties were not delivered by the defendants as agreed upon, and a correspondence ensued between the parties, in which the defendants set up various excuses for the delay, and the plaintiff insisted upon immediate delivery, at the same time informing the defendants that damage would result from delay. During March and April defendants delivered 16,000 ties in two shipments. They refused, however, to deliver the remaining 10,000 ties until the plaintiff sent its check for the earlier shipments and a letter stating that no claim would be made for delay in shipment. The plaintiff refused to comply with that request, and the defendants failed to make the delivery of the 10,000 ties undelivered. The $2,500 deposited by the plaintiff with the United Railways Company was forfeited by the latter for the nonperformance of the plaintiff's contract. This action was brought for damages for the breach of the contract. The complaint specified two items of special damage; the $2,500 penalty forfeited to the United Railways Company and $600, the difference between the contract price of 69 cents and the resale price of 75 cents on the 10,000 ties not delivered. The complaint also contained this general averment that, "by reason of the premises, the plaintiff has been damaged in the sum of $8,100." The plaintiff's agent testified that he informed the defendants' agent, with whom the negotiations were conducted, that the ties were purchased for resale to the United Railways Company, who had accepted the plaintiff's bid for such ties, and that the United Railways Company required a deposit as security for the performance of the contract. I quote from his testimony:

"I told him also that it was necessary to make these deliveries in accordance with the contract that we had with them—that we were about to make with them, because we were under penalty of $2,500 with the railroad."

The said agent of the defendants denied that any such conversation occurred, or that he even had knowledge that the ties were pur-

chased for resale to the said United Railways Company. The place of delivery specified in the contract was the wharf of the said company, and the correspondence between the parties, prior to the making of the contract, plainly shows that the defendants had knowledge of the plaintiff's bid, and, indeed, that they refused to quote prices until after it was accepted, for the reason that they had made quotations to other bidders, whom they considered it their duty to protect.

The point is made that the contract with the said United Railways Company was not in fact made until November 27th, a month after the making of the contract in suit, and that it was not made in the plaintiff's name. However, there is no dispute but that said Clark was the plaintiff's agent, and the evidence plainly shows that its bid had been accepted when the contract in suit was made, and that the defendants had knowledge that the ties were purchased for the pur-- pose of resale, pursuant to a formal contract to be made in accordance with said bid and its acceptance.

[1] We think the plaintiff's evidence was sufficient to justify a recovery of the item of $2,500, as special damages. According to that evidence, the defendants had knowledge of the contract of resale and the deposit of $2,500, and the provision for the delivery in January was inserted for the purpose, as expressly stated by the plaintiff's agent, of guarding against the forfeiture of said sum. It was therefore within the contemplation of the parties that one of the consequences of a breach might be the forfeiture by the plaintiff of said sum. Not only did the defendants have notice that a forfeiture might result from a breach, but the circumstances were such as to justify the inference of knowledge on their part that the contract was accepted by the plaintiff with the special condition attached thereto that they would indemnify it in case of a breach. The said evidence therefore brings the case squarely within the rule laid down by the Supreme Court of the United States, in Globe Refining Company v. Landa Cotton Refining Company, 190 U. S. 540, 23 Sup. Ct. 754, 47 L. Ed. 1171, the case principally relied upon by the defendants. But see, also, on that head, Booth v. Spuyten Duyvil Rolling Mill Co., 60 N. Y. 487; Hecla Powder Company v. Sigua Iron Company, 91 Hun, 429, 36 N. Y. Supp. 838, affirmed 157 N. Y. 437, 52 N. E. 650; Sutton v. Wanamaker, 95 N. Y. Supp. 525; Delafield v. Armsby Company, 131 App. Div. 572, 116 N. Y. Supp. 71, affirmed 199 N. Y. 518, 92 N. E. 1083.

It was, of course, a question of fact whether the item of $2,500 special damage was in the minds of the parties when the contract was made and whether they contracted with reference thereto. The judgment is in effect one entered upon a directed verdict, upon motions by both sides, and that question of fact has therefore been resolved in the defendants' favor. It is unnecessary to determine whether the finding is contrary to the weight of evidence, because in any view of the case the judgment must be reversed for an error in the exclusion of evidence.

[2] Of course the plaintiff could not recover the loss sustained by the forfeiture, if it could have obtained the ties in the market and made a delivery so as to prevent such forfeiture, for in such case it would have been its duty to procure the ties elsewhere and thus prevent the loss.

[3] The record does not disclose anything on that head. It is also true that the plaintiff could not recover the item of $600 profits lost, without proving that there was no market value for the ties at the time and place of delivery. There was, however, a general averment of damages, and the plaintiff undertook to prove the market value of the ties at the time and place of delivery. Its witness testified that he was familiar with the market price of ties in Havana. He was then asked to state the market value of ties, of the description of those contracted for, in Havana at the time when they were to be delivered under the contract.

[4] An objection to that testimony was sustained on the ground that, "on the state of the pleadings, any such measure of damage cannot be entertained," and an exception was taken. As the ruling was made on the precise ground stated, it was unnecessary for the plaintiff further to qualify the witness, even if such further qualification would otherwise have been needed.

[5] It is stated in the respondents' brief that the plaintiff's claim for general damage has been waived, but that was the principal point discussed on the oral argument; the appellant insisting that, in any view of the case, it was entitled under its complaint, to prove general damage. The learned counsel for the respondents urged, on oral argument, that, as the complaint specified the items of special damage, an averment of general damage in an action for breach of contract was insufficient in the absence of averments showing how the computation was made. No case was cited in support of that contention, and we are aware of no rule of pleading to sustain it. The plaintiff united in the complaint claims for both special and general damage. The complaint stated the facts with respect to the making of the contract and its breach and alleged that by reason thereof the plaintiff was damaged in the sum of $8,100. $3,100 of that sum was made up of two items of special damage. The amount of general damage claimed was therefore $5,000. Obviously, that claim was based on the difference between the contract price and the market price at the time and place of delivery. But it was not necessary for the plaintiff specifically to state in its complaint what the market price was. The ultimate fact, the amount of damage sustained, was stated.

A defense of waiver was pleaded. The respondents concede in their brief that it is unnecessary to consider the evidence on that head for the reason that the case was decided without reference to that defense.

The judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.