J. J. JONES, *Appellant*, v. W. W. HILLER *et al.*, *Appellees.*

## Opinion Filed June 9, 1913.

1. If the matter contained in an answer in an equity cause is relevant or can have any influence in the decision of the subject-matter of the controversy, it is not impertinent.

2. Under the statute a mortgagee takes merely a lien. A foreclosure decree enforces the mortgagee's lien and operates through a master's deed to transfer the mortgagor's title to the purchaser at the foreclosure sale.

3. A bona fide purchaser for value at the foreclosure sale is not a mere assignee of the mortgage lien, but takes title if the foreclosure proceedings and the conveyance thereunder are effective to pass the mortgagor's title.

4. If foreclosure proceedings or the conveyance thereunder are ineffectual to convey the title of the mortgagor, the attempted conveyance may be a sufficient color of title under which possession in the manner and for the period required by the statute may ripen into title by adverse possession, against the heirs of the mortgagor who are affected by the adverse possession statute.

5. A stranger who bona fide purchases at a foreclosure sale and takes possession under a master's deed purporting by authority to convey the land has title or color of title; and his status is not that of a mortgagee in possession without title holding merely a contract lien.

Appealed from the Circuit Court of Hernando County.

Order affirmed.

_ *Dozier A. DeVane* and *C. M. Trammell,* for Appellant;

*W. F. Himes,* for Appellees.

WHITFIELD, J.—The bill of complaint herein filed July 6, 1912, alleges that in 1887 W. H. Jones gave a mortgage upon described lands to Annie Mayo; that after the death of W. H. Jones, the mortgagee foreclosed the mortgage, making only the administrator and the widow of the mortgagor parties defendant; that at the foreclosure sale in 1899, the lands were purchased by W. W. Hiller; that J. J. Jones and heir of W. H. Jones was a minor at the time of the foreclosure in 1898, but has since attained the age of 21 years, has acquired the interests of other heirs, and has demanded the possession of the property upon payment of the debt due on the mortgage executed by W. H. Jones to Annie Mayo. The prayer is that a right to redeem may be decreed.

The answer of the defendant, Hiller, contains the following averments:

"These defendants further answering aver that neither the complainant, nor the ancestor, predecessors nor grantors of the complainant were, nor was any of them, seized or possessed of the premises described in said bill, within seven years before the filing of the bill of complaint in this suit.

These defendants further answering aver that at a foreclosure sale conducted and held on February 6th, 1899, by W. O. McIntosh as Special Master in Chancery, appointed in and in pursuance of the terms of a decree

entered in the Circuit Court of Hernando County, Florida, in a suit therein pending, wherein Annie Mayo was complainant and Mary E. Jones and W. M. McCall, as administrator of the estate of Whit H. Jones, deceased, were defendants, and by the terms whereof the said W. O. McIntosh was directed to sell the said premises referred to in the bill of complaint, at public outcry, to the highest and best bidder for cash, W. W. Hiller, one of these defendants, did, without knowledge or notice that the said sale was in any respect irregular or defective, and under the bona fide belief that the said sale was in all respects regular, perfect, authorized and legal, and that the Special Master had full authority and power to sell and to convey the said premises, purchased the said premises mentioned in the bill of complaint for the sum of six hundred and fifty dollars, as in the bill is alleged, which said sum was the highest amount bid at said sale for said premises, and the said W. W. Hiller the highest bidder therefore, and that said sum was then and there a fair market value for said premises; that in consideration of the payment of the amount of said bid and in pursuance of the said decree of the court, the said W. O. McIntosh did on to-wit: February 6th, 1899, sign, seal, execute, acknowledge and deliver to the said W. W. Hiller a Master's deed of conveyance, by its terms purporting to convey to the said W. W. Hiller, his heirs and assigns forever, in fee simple, the said premises referred to in the bill of complaint in this cause as alleged in the bill of complaint; that the said W. W. Hiller did forthwith within ten days after the execution and delivery to him of the deed aforesaid, enter into possession of the said premises above referred to, under claim of title, exclusive of any other right, founding said claim upon the Master's deed aforesaid, as being a con-

veyance of said premises; that the said W. W. Hiller filed for record the said deed in the public records of Hernando County, Florida, on to-wit: January 24, 1901, and the same was then and there recorded in Deed Book 10 at page 452 thereof, and from thence forthwith hath continued to be of record in said records; that the said W. W. Hiller entered into possession of the said premises as above mentioned under the deed as aforesaid, under a claim of title exclusive of any other right, founding said claim upon the said deed as being a legal and valid conveyance of said premises, and upon the faith of the said deed as being such conveyance as aforesaid, and in recognition of no other right whatsoever, and under a bona fide belief and claim of his ownership of said premises under and by virtue of the said deed, and thereafter for a period of more than seven years continuously since the said entry and before the filing of the bill in this suit continued in the occupation and possession of the aforesaid premises, and remained in the open, actual, visible, notorious, exclusive, adverse, hostile and continuous possession of said premises, claiming to own said premises by virtue of said deed, and without the recognition of any claim or interest by any other person or persons to said premises or any part thereof from the time of the aforesaid entry until the filing of the bill of complaint in this cause, the same constituting a period of more than seven years, and was in the actual possession of said premises claiming to own the same at the time of the filing of the bill of complaint in this cause, and now so occupies the said premises; that at no time since the entry by the said W. W. Hiller into the possession and occupation of the said premises under the deed aforesaid, has the said W. W. Hiller in anywise recognized that the complainant or any other person or

persons whatsoever, had any right, title, claim or interest in and to the premises, or any part thereof; and these defendants aver that the defendant, W. W. Hiller, more than seven years prior to the filing of the bill of complaint in this cause, and subsequent to the execution of the master's deed aforesaid, entered into the actual, open, visible, and hostile possession and occupation of the premises referred to in the bill of complaint, under claim of title exclusive of any other right whatsoever, founding such claim upon the master's deed aforesaid, and without any knowledge or notice that any other person or persons had or claimed any interest whatsoever in and to the said premises, and under the bona fide belief that the said W. W. Hiller was the owner of the said premises by the said deed, and claiming to own the said premises by virtue of said deed and for more than seven years prior to the filing of the bill of complaint in this cause has continuously remained in the open, visible, actual and notorious and uninterrupted possession of the said premises, under the bona fide belief and claim that the said W. W. Hiller was the owner thereof by the aforesaid deed, and paid each and every year the taxes assessed upon the said premises, and during said period in no wise recognized or acknowledged that there was any outstanding right, claim or interest in any other person or persons whatsoever, in and to the said described premises, and without any knowledge, information or belief that any other person or persons claimed any interest in said premises or any part thereof·

And these defendants insist as to the matter set up in this paragraph of their answer to the same extent, and claim the same benefit thereof, as if they had set up by a plea to the said bill."

Exceptions to these paragraphs of the answer for impertinence were overruled and the complainant appealed therefrom.

If the matter contained in an answer in an equity cause is relevant or can have any influence in the decision of the subject-matter of the controversy, it is not impertinent. Trustee of the Internal Imp. Fund v. Root, 63 Fla. 666, 58 South. Rep. 371; Law v. Taylor, 63 Fla. 487, 58 South. Rep. 844; Holzendorf v. Terrell, 52 Fla. 525, 42 South. Rep. 584.

Under the statute a mortgagee takes merely a lien. A foreclosure decree enforces the mortgagee's lien and operates through a master's deed to transfer the mortgagor's title to the purchaser at the foreclosure sale. A bona fide purchaser for value at the foreclosure sale is not a mere assignee of the mortgage lien, but takes title if the foreclosure procedings and the conveyance thereunder are effective to pass the mortgagor's title. If the foreclosure proceedings or the conveyance thereunder are ineffectual to convey the title of the mortgagor, the attempted conveyance may be a sufficient color of title under which possession in the manner and for the period required by the statute may ripen into title by adverse possession, against the heirs of the mortgagor who are affected by the adverse possession statute.

A stranger who bona fide purchases at a foreclosure sale and takes possession under a master's deed purporting by authority to convey the land has title or color of title; and his status is not that of a mortgagee in possession without title holding merely a contract lien.

The answer avers in effect that the defendant, Hiller, the purchaser at the foreclosure sale, has had and held adverse possession of the land under color of title since

the issuing of the master's deed to him at the foreclosure sale in 1899 to the filing of this bill in 1912, a period of more than seven years. This at least is relevant to the establishment of a title by adverse possession under color of title, and the exceptions were properly overruled.

It is contended that as the heirs were not made parties to the foreclosure proceedings, the decree does not bind them, and they have a right to redeem the land from the purchaser at the foreclosure sale upon payment of the mortgage debt, and that such right has not been lost by the lapse of time before the bill was filed.

If the defendant, Hiller, who was not a party to the suit, and who was apparently a bona fide purchaser at the foreclosure sale, has in fact been in adverse possession of the lands under color of title in the manner and for the period prescribed by the statute, he has acquired title by virtue of such adverse possession under color of title as against all persons to whom the statute is applicable, even though the foreclosure proceedings were ineffectual to bind the heirs of the mortgagor, they not being made parties thereto. No contract or fiduciary relation or duty appears as between Hiller, the purchaser at the foreclosure sale, and the heirs of the mortgagor. Even if the master's deed was void as a conveyance, it was sufficient as color of title; and a title by adverse possession may be acquired under it, the party taking and holding adversely under it acting in good faith and being bound by no provision of the decree or fiduciary obligation in favor of the heirs of the mortgagor, and there being no fraud or overreaching or other in-

equitable circumstances involved. See Kendrick v. Latham, 25 Fla. 819.

The order appealed from is affirmed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.