SOUTHERN FERRO CONCRETE COMPANY, A CORPORATION, ET AL, *Appellants,* v. FEDERAL TERRA COTTA COMPANY, *Appellee.*

## Opinion Filed March 22, 1920.

1. Under the statute permitting the sufficiency of an answer, or portion of an answer, in equity to be tested by a motion to strike, such motion should not be granted unless the matter sought to be stricken is wholly insufficient as a defense to the bill.

2. A pleading should not be stricken unless it is wholly irrelevant and insufficient.

3. Section 1 of Chapter 6907, Acts of 1915, makes the provisions of Rule 30 of the new equity rules of the Federal Courts a part of the statute law of this State.

4. Under the statute an answer in equity "may, without cross bill, set out any set-off or counter-claim against the plaintiff which might be the subject of an independent suit in equity against him," and in a suit to enforce a material-man's lien damage and losses averred to have been proximately occasioned to defendant by reason of delays of plaintiff in furnishing drawings and blueprints to be used in the construction of a building which defendant was under contract to construct and delays of plaintiff in making deliveries of materials to be used in such building beyond the time fixed in the contract of purchase for making deliveries of such drawings and blueprints and such materials may be set off against the plaintiff's claim in a suit to recover the contract price of such materials.

An Appeal from the Circuit Court for Duval County, George Couper Gibbs, Judge.

Order reversed.

*Kay, Adams & Ragland,* for Appellant;

*Marks, Marks & Holt,* for Appellee.

WEST, J.—Suit was brought in the Circuit Court of Duval County by Federal Terra Cotto Company, a corporation, complainant, against Southern Ferro Concrete Company, a corporation, and Florida Realty Investment Corporation, a corporation, defendants.

The object of the suit is to enforce the payment of a balance amounting to $1,490.00, upon an account alleged to be due to complainant by defendant, Southern Ferro Concrete Company, for certain architectural terra cotta, made and furnished by the complainant to said company for a certain agreed consideration, to be used by it in the construction of a building in the city of Jacksonville which building said company was under contract to construct for defendant Florida Realty Investment Corporation.

The bill of complaint is in the usual form. It alleges in substance the making of a contract between complainant and defendant Southern Ferro Concrete Company by the terms of which complainant was to make and supply to said defendant certain material to be used by it in the construction of a certain designated building for Florida Realty Investment Corporation; a performance of the contract by complainant; the use of such material in such building; failure to make payment in full therefor, and demand for payment of a balance due; notice of said indebtedness to said Florida Realty Investment Corporation, the owner of such building, and an indebtedness by such owner under its contract for the construction of such building in excess of complainants claim

whereby a lien was acquired by complainant upon such premises.

There was a decree *pro confesso* against defendant Florida Realty Investment Corporation.

Defendant Southern Ferro Concrete Company answered admitting the making of the contract for the construction of the building and admitted making the contract with complainant under the terms of which complainant was to make and furnish the architectural terra cotta used in the construction of the building.

Further answering this defendant denied the performance of the contract by complainant in that it did not prepare and furnish as agreed certain drawings and blueprints which it, by the terms of its contract, obligated itself to furnish by certain agreed and fixed dates, and avers that the delay in preparing and furnishing such drawings and blueprints put defendant to heavy expense in maintaining his employees while waiting for said drawings so that the work of construction could proceed. There are averments of damage in the expense of employing counsel and giving bond in an effort to have the last car of such material promptly forwarded and delievered when complainant undertook to stop same in transit, and in the manner in which defendant was required to carry on the work of constructing such building because of the delay in the delivery of the material puchased from complainant.

It averred that the material contracted by complainant to be made and supplied to defendant was not shipped upon the dates of shipment fixed in said contract, and that there was delay in the delivery of same; that such delay postponed the completion of the building beyond the date upon which defendant was under contract to

complete and deliver it, and that defendant has, as by his contract for the construction of such building it was provided, been required to pay to the owner a per diem of $75.00 for each day of such excess time aggregating in amount more than complainant's claim; that complainant knew of this feature of defendant's contract for the construction of the building when it entered into the contract with defendant to make and supply the material to be used in its construction.

The answer avers an effort by defendant in the conduct of his work to overcome as much as possible the alleged delays, and contains an offer to set off the items of damages alleged to have been sustained as a result of such delays against complainant's claim.

The paragraph of the answer containing the last mentioned claim of damages by defendant is as follows:

"That on account of the aforesaid delays of the complainant in the delivery of said material this defendant was unable to complete said building and deliver the same to the owner thereof before August 10, 1917, being a delay of full forty days beyond the time allowed for this defendant by its contract with the owners within which to complete and turn over said building to the owners; that said period of delay in turning over said building was directly and proximately caused by the aforesaid delays of the complainant in furnishing said drawings, and particularly in furnishing said materials; that the aforesaid delays of the complainant in the delivery of said materials was not due to strikes, accidents or causes beyond the control of the complainant; that the co-defendant, owner of said building as aforesaid, has withheld from the contract price payable to this defendant on account of the construction of said building

the sum of $3,000.00, being at the rate of $75.00 per day for forty full days' delay in completing said building; that a part of said sum was damages actually suffered by said owner on account of the failure to complete said building within the time called for by said contract in the loss of rents which the owner would otherwise have received; that prior to the date of completion of said building two tenants had partially occupied the same, and the owner, declining to accept the building until completed, as aforesaid, permitted this defendant to collect the rents payable by said tenants up to the date of completion, the amount received by this defendant from said tenants amounting to $1290.32, so that the amount still retained by the owner of said building on account of monies due to this defendant aggregates the sum of $1709.68 after crediting said rents against the original amount retained as aforesaid; that the damages which this defendant suffered by reason of said delay in furnishing the drawings, as aforesaid, and the actual damages which this defendant is responsible for to the owner, due to the causes aforesaid, delaying the completion of said building as aforesaid, will more than offset all claims and demands alleged by the complainant in said Bill of Complaint against this defendant, and will leave the complainant largely indebted to this defendant in the sum of to-wit: $330.00 over and above what the complainant claims against this defendant."

There was a motion by complainant to strike out designated portions and the whole of paragraphs two and three, the paragraphs of the answer containing the averments recited and set out herein.

There are various grounds stated in the motion but it is not necessary to state them here.   It may be said

that they are sufficient under the statute to raise the question of the sufficiency of the answer. The motion was granted, with leave to amend, and this appeal is taken from the order granting this motion. The assignments of error allege error in this order.

Under the statute permitting the sufficiency of an answer, of portion of an answer, in chancery to be tested by a motion to strike, such a motion should not be granted unless the matter sought to be stricken is wholly insufficient as a defense to the bill. Campbell v. A. L. Wilson Co., 74 Fla. 608, 77 South. Rep. 540; Oneida Land Co. v. Richard, 73 Fla. 884, 75 South. Rep. 412.

The paragraphs of the answer which were stricken would hardly be selected as model paragraphs. The elements of the damages averred to have been sustained and the amounts of such damage, it seems to us, might be stated in much less space with much more definiteness and much greater particularity. Counsel, no doubt, would concede as much. But that alone is not sufficient to render such paragraphs wholly bad unless the averments contained in them are, as a matter of law, wholly insufficient. Tested by this rule there was error in the order appealed from.

But it is said that the matters relied upon as a defense can not be made to avail the defendant in a suit of this kind.

The proceeding followed is authorized by Chapter 6907, Acts of 1915, the pertinent portion of which is the second paragraph of Section 1, which is as follows: "The answer must state in short and simple form any counter-claim arising out of the transaction which is the subject-matter of the suit, and may, without cross-bill, set out any set-off or counter-claim against the plaintiff

which might be the subject of an independent suit in equity against him, and such set-off or counter-claim, so set up, shall have the same effect as a cross-suit, so as to enable the Court to pronounce a final judgment in the same suit both on the original and cross-claims."

This section of the Act makes Rule 30 of the New Equity Rules of the Federal Courts the law of this State. This rule has been under consideration in a great many cases in the Federal courts where there is diversity of opinion upon the question of its application. Hopkins New Federal Rules Annotated.

The question of the application of the quoted paragraph of this statute was considered by this court in the case of Bates v. Lanier, 75 Fla. 79, 77 South. Rep. 628, and under the decision in that case the averments of the answer here are sufficient to bring it within the terms of the statute. We have set out in this opinion sufficient of the allegations of the bill to show that the set-off or counter-claim averred arose "out of the transaction which is the subject-matter of the suit," and, the case just referred to is authority for holding that the set-off or counter-claim of defendant, as averred in the answer, "Might be the subject of an independent suit in equity against" complainant.

That the elements of damages averred in the answer as a basis for defendant's claim of set-off, are sufficient as a basis for such claim, see the following authorities: Muller v. Ocala Foundry & Machine Works, 49 Fla. 189, 38 South. Rep. 64; Iowa Mfg. Co. v. Sturtevant Mfg. Co., 162 Fed. Rep. 160, 18 L. R. A. (N. S.) 575 and Notes; Shurter v. Butler, 43 Tex. Civ. App. 353, 94 S. W. Rep. 1084; Illinois Cent. R. Co. v. Southern Seating & Cabi-

net Co., 104 Tenn. 568, 58 S. W. Rep. 303; Sutton v. Wanamaker, 95 N. Y. Supp. 525; Meyer v. Haven, 75 N. Y. Supp. 261.

For the error pointed out the order appealed from is reversed.

BROWNE, C. J., AND TAYLOR AND WHITFIELD, J. J., concur.

ELLIS, J., dissents.