ANNA M. BOONE, *Appellant*, v. THOMAS P. GAY, E. B. STEELE, L. PRETRE, H. L. ENGLERT AND FLORA J. AKERS, *Appellees*.

(Original Bill.)

JOHN C. FARLEY, CARRIE L. FARLEY, AMELIA FARLEY PRICE, BELLE FARLEY, ELIZABETH FARLEY, CAROLINE FARLEY JORDAN, INDIVIDUALLY, AND JOHN FARLEY AS ADMINIS-TTRATOR OF THE ESTATE OF ANNIE F. ARMER, DECEASED, *Appellants*, v. THOMAS P. GAY, E. B. STEELE, L. PRETRE, J. L. ENGLERT, FLORA J. AKERS AND ANNA M. BOONE, *Appellees*.

(Intervening Petition.)

En Banc.

Opinion Filed April 3, 1925.

A motion to strike an answer or designated portions of an answer in equity should not be granted unless the matter sought to be stricken is wholly irrelevant and insufficient as a defense to the bill of complaint.

An Appeal from the Circuit Court for Lee County; George W. Whitehurst, Judge.

Affirmed.

*Randell & Campbell, Cyrus Q. Stewart* and *L. G. Pope,* for Appellants;

*F. A. Whitney, Walter O. Sheppard* and *Frank C. Alder- man,* for Appellees.

WEST, C. J.—By stipulation two appeals in this case were consolidated. One is from an order denying a motion of complainants to strike the whole of the answer of de- fendants to the bill of complaint. The other is from an order overruling exceptions to several paragraphs and parts of the answer to the cross-bill by intervening defend- ants, by which exceptions it was attempted to eliminate practically the whole of the answer. Both rulings are as- signed as error.

The bill and the cross-bill allege in substance the organ- ization of a corporation not for profit, but ostensibly for religious purposes; that such organization is a mere subter- fuge under the pretense of which various enterprises, com- mercial in their nature, not authorized to be conducted by a corporation not for profit, are engaged in by the members of the organization, wherefore such individuals are in law partners and the properties owned and held by such organ- ization, or by individual members for it, and the business enterprises so operated are partnership properties; that the complainants and cross-complainants (or their ancestors) became members of such organization and paid into its treasury considerable amounts of money upon the agree- ment that all the properties so held were to be administered for the mutual benefit of all its members; that complain- ants (or their ancestors) were, without authority, removed or expelled from such organization without being compen- sated for the sums contributed or remunerated for the serv- ices rendered by them; that properties of considerable value have been acquired and accumulated by such organ-

ization, some of which has been, without authority and without consideration, conveyed by it to individual defendants, or one of them; and that the enterprises of the organization are being conducted by individual defendants, for their own benefit, to the injury and detriment of the complainants and cross-complainants.

The prayer is that the property be decreed to be held in trust for the members of said alleged partnership, for partition of such property, an accounting, recovery of amounts due for moneys paid into said common fund and for services rendered, for attorney fees and for general relief.

In view of the conclusion reached it is not considered necessary at this stage of the proceedings to set out the averments of the answers. It is enough to say that they are in substance the same and, although containing averments of matter that may be immaterial, they contain specific denials of material allegations of the bill of complaint and cross-bill and other matter not appearing to be wholly irrelevant. Under the statute permitting the sufficiency of an answer, or portions of an answer, in equity to be tested by a motion to strike, the rule is that such motion should not be granted unless the matter sought to be stricken is wholly irrelevant and insufficient as a defense to the bill. It will not be stricken if relevant and can have any influence on the decision of the subject-matter of the controversy. Stokely v. Connor, 80 Fla. 89, 85 South. Rep. 678; Southern Ferro Concrete Co. v. Federal Terra Cotta Co., 79 Fla. 376, 84 South. Rep. 171; Busch v. Baker, 79 Fla. 113, 83 South. Rep. 704; Oneida Land Co. v. Richard, 73 Fla. 884, 75 South. Rep. 412; Jones v. Hiller, 65 Fla. 532, 62 South. Rep. 583; Law v. Taylor, 63 Fla. 487, 58 South. Rep. 844.

The exceptions to the answer to the cross-bill are upon various grounds. This pleading concludes with a motion that the indicated portions of the answer be stricken. It

is in substance and effect a motion to strike. There was a general order overruling it. Whether the pleading is considered as exceptions to the answer or a motion to strike, there was no error in the ruling. The averments of the answer sought to be eliminated are designated in. the motion by reference to pages or paragraphs of the answer, which pages have not been preserved in the transcript of the record. We have endeavored to ascertain the parts of the answer at which the motion is directed and have considered each of the assignments of error based upon this motion. The matter does not appear to be so wholly irrelevant as to merit this drastic remedy.

To avoid misunderstanding, it should be stated that the only question decided at this time is that there is no error made to appear requiring a reversal of either of the orders appealed from.

The judgment is affirmed.

WHITFIELD, ELLIS, BROWNE AND TERRELL, J. J., concur.