RAY REALTY CORPORATION v. H. F. KETTMAN, *et ux.*

178 So. 563.

' Division B.

Opinion Filed January 5, 1938.

Rehearing Denied February 14, 1938.

*Morrow & Mayes,* for Appellant;

*W. W. Colson, Jr.,* for Appellees.

CHAPMAN, J.—The parties to this suit in this opinion will be referred to as plaintiffs and defendant as they appeared in the court below. On May 22, 1935, plaintiffs filed in the Circuit Court of Dade County, Florida, their bill of complaint and it is alleged, among other things, that on January 18, 1927, defendant was indebted to the plaintiffs in the sum of $20,000.00 and in consideration thereof executed and delivered its promissory note in said sum due one year after date thereof, with interest at the rate of eight per cent. per annum. The said note was secured by delivering to the Bank of Coral Gables, for the use and benefit of the plaintiffs, described securities, viz.: (a) three promissory notes dated August 14, 1925, in the sum

of $35,555.00 each, totaling the sum of $106,665.00, and signed by Maude E. Brickell, payable to Ray Realty Corporation. The notes matured one, two and three years, respectively, after August 14, 1925. The notes were secured by a mortgage on property therein described. The mortgage was assigned from Ray Realty Corporation to H. H. Kettman and wife, M. A. Kettman, on January 18, 1927. (b) Also three notes for the sum of $33,333.33 each dated August 31, 1925, and signed by Keokuk Company, now Third Avenue Company, due one, two and three years, respectively, after date, in the total sum of $100,000.00 and the said notes were secured by a mortgage on property therein described. The mortgage was assigned from Ray Realty Corporation to H. F. Kettman and wife, M. A. Kettman.

On January 20, 1927, plaintiffs and defendant delivered to the Bank of Coral Gables securities, *supra,* with written agreements identified as plaintiffs' exhibits B and C and by appropriate language made a part of the bill of complaint. It is alleged that Maude E. Brickell was adjudicated a bankrupt. That no part of the indebtedness described or delivered to the Bank of Coral Gables had been paid and same had been returned to the plaintiffs here for the purpose of filing suit. The prayer of the bill of complaint is that a lien be decreed against said securities and that the notes of defendant Keokuk Company, now Third Avenue Company, be forever barred and foreclosed of equity of redemption.

On January 16, 1936, defendant filed an amended answer in which each paragraph of the bill of complaint was admitted or in part denied except paragraph eleven in which it was averred that on November 16, 1928, and on July 6, 1932, certain written agreements were made and entered

into between the parties hereto which in law and equity precludes plaintiffs from maintaining this suit. The written agreements by appropriate language are each made a part of the said answer and identified as defendant's exhibits "A" and "B." It is contended here that plaintiffs are bound by the terms, conditions and stipulations made a part of exhibits A and B of defendant in such manner that they have no legal right or standing in a court of equity.

On January 27, 1936, plaintiffs filed a motion in the Court below to strike from the amended answer paragraph eleven on several grounds not necessary here to recite, and the cause was heard on said motion directed to paragraph eleven of the amended answer and the same was granted. Defendant on February 25, 1936, filed a petition for a rehearing and the basis therefor was the defense submitted under paragraph eleven of the amended answer and upon hearing the said petition for a rehearing was by the lower court denied.

On May 12, 1936, a hearing was had before the Honorable H. F. Atkinson, a Judge of the said Circuit Court of Dade County, Florida, and after the taking and hearing of all testimony the court below held that the equities of the cause were with the plaintiff and made and entered a final decree in behalf of the plaintiff. From this final decree an appeal has been perfected and the suit is here for review on assignments of error raising the legal sufficiency of paragraph eleven of the amended answer and the entry of the final decree. It is contended here that paragraph eleven sets up matter that is material and pertinent and the lower court committed reversible error in sustaining the motion striking it from the answer. The cases of Canal Lumber Co. v. Florida Naval Stores & Mfg. Co., 83 Fla. 501, 92 Sou. Rep. 279; Oneida Land Co. v. Richard, 73

Fla. 884, 75 Sou. Rep. 412; Boone v. Gay, 89 Fla. 347, 104 Sou. Rep. 585, and other authorities cited, sustain their position. An examination of the cited authorities will show that these utterances were made prior to the adoption of the 1931 Chancery Act. We find no fault with either of the cited authorities but the facts setting up what is material and pertinent is the real issue.

It is contended by plaintiffs that exhibits A and B of paragraph eleven of defendant's amended answers relate exclusively to the notes and mortgage given by Maude E. Brickell and not to the notes and mortgage of The Keokuk Company, now Third Avenue Company; that no fair and reasonable interpretation or construction of either of the exhibits would permit or justify any other conclusion. The prayer of the bill of complaint seeks to foreclose the equity of redemption of the defendant in and to the notes and mortgage of The Keokuk Company, now Third Avenue Company, and the prayer seeks no relief as against the Maude E. Brickell notes and mortgage. The chancellor below made findings only as to the amount due on The Keokuk Company notes and mortgage and at no place does the final decree adjudicate or attempt to adjudicate the securities referred to as the Maude E. Brickell notes and mortgage.

Likewise counsel for defendant contends that the lower court erred in decreeing the equities of the cause in behalf of the plaintiff below. We have examined the evidence considered by the Chancellor and there was no error in entering the final decree appealed from. The decree appealed from in this cause is hereby affirmed.

WHITFIELD, P. J., and BROWN, J., concur.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.