■ NICHOLAS J. DAUKAS et al., Respondents, v. SHEARSON, HAMMILL & Co., INCORPORATED, et al., Appellants.— Orders, entered August 31, 1965 and January 7, 1966, affirmed, with one bill of $50 costs and disbursements to abide the event. The complaint, and each alleged cause of action, though inartistically drawn, sufficiently show a cause of action. The causes of action grounded in fraud allege that the plaintiffs were induced to open, maintain and enlarge commodities investment accounts with defendant brokerage firm by reason of fraudulent misrepresentations of defendants, including false and fraudulent factual representations with respect to experience of defendant Crisafulli, a customers man, in the trading in commodities; with respect to market conditions and use of "straddles"; and with respect to other matters; and these causes of action are not rendered vulnerable by the inclusion also of allegations of promissory and vague misrepresentations which, if separately and independently made, would not have been actionable. These causes of action set forth the "transactions and occurrences" constituting the "wrong" in sufficient "detail" to give adequate notice of the matters relied upon as the basis of the causes of action. (See CPLR 3016, subd. [b]; *Foley* v. *D'Agostino,* 21 A D 2d 60, 64.) Also, the causes of action grounded in alleged negligent management of the commodities accounts of plaintiffs sufficiently plead the "transactions and occurrences" intended to be proved as the basis of such causes of action. (See CPLR 3013; *Foley* v. *D'Agostino, supra.*) Where, as here, the "transactions and occurrences" are adequately pleaded and the material elements of the causes of action grounded in fraud and negligence are set forth, the complaint should not be dismissed for indefiniteness or vagueness or because it contains unnecessary conclusory allegations. (See 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 3013.02, 3026.02; *Dulberg* v. *Mock,* 1 N Y 2d 54; *Foley* v. *D'Agostino, supra.*) Also, it is immaterial that the complaint fails to disclose the method or the detail of computing the general damages sought by plaintiffs or that the allegations fail to justify a recovery for the sums claimed as damages. There is no requirement that the measure of damages shall be correctly set forth in a complaint, the test being merely whether or not the complaint sets forth allegations from which damages can properly be inferred. (See *Winter* v. *American Aniline Prods.,* 236 N. Y. 199; *Thompson-Starrett Co.* v. *Concrete Steel Co.,* 281 App. Div. 965; *Smith* v. *D. A. Schulte Inc.,* 280 App. Div. 913, mot. for rearg. den. 280 App. Div. 979; *Atlantic Gulf & Pacific Co.* v. *McIntosh & Seymour Corp.,* 218 App. Div. 653; *Czarnikow, MacDougall & Co.* v. *Baxter,* 146 App. Div. 81.) With respect to the alleged indefiniteness of the complaint, the defendants should properly be relegated to their remedies of a demand for a bill of particulars and disclosure proceedings. Concur — Breitel, J. P., Rabin, Stevens and Eager, JJ.; Steuer, J., dissents in the following memorandum: I must disagree. All that the complaint alleges when stripped of the deficiencies referred to in the majority opinion is that plaintiffs opened a commodity account with defendants, traded in it, and lost money. The basic difficulty with the amended complaint is that it does not supply what was missing in the original complaint and what caused its dismissal, namely, it does not allege any grounds

of liability. In the absence of special agreement, all that a securities broker is obligated to do is to carry out the customer's orders in a professional manner. The vagueness of the complaint to which the majority refers is really an effort to imply some such special agreement of which the other facts alleged would constitute breaches. Apparently the complaint is necessarily vague because no specific allegations can be made. The orders should be reversed and the complaint dismissed.