■ ALISON KATZ, Appellant-Respondent, v BACH REALTY, INC., Respondent-Appellant. [595 NYS2d 455] —Order, Supreme Court, New York County (Edward Greenfield, J.), entered March 6, 1992, which, *inter alia,* granted defendant's motion to serve an amended answer insofar as it sought leave to interpose counterclaims for breach of contract, breach of fiduciary duty and unfair competition, but denied such motion insofar as it sought leave to interpose counterclaims for fraud, malicious prosecution and defamation, unanimously modified, on the law, the facts and in the exercise of discretion, to grant defendant leave to interpose counterclaims for fraud, malicious prosecution and defamation, and otherwise affirmed, without costs.

Defendant's proposed counterclaims and affirmative defense alleging fraud, malicious prosecution and defamation are not "patently insufficient" on their face *(Hospital for Joint Diseases Orthopaedic Inst. v Katsikis Envtl. Contrs.,* 173 AD2d 210), supported as they are by an affidavit of merits that could properly be considered on a motion for summary judgment and showing " 'good ground' " for the proposed causes of action *(C&K Realty Co. v ISFC Fabrics Corp.,* 66 AD2d 697, 698), and will cause plaintiff no prejudice, the motion for leave to amend having been made at an early stage of the action before any depositions were taken.

The proposed counterclaims for breach of fiduciary duty and unfair competition are not, as plaintiff argues, governed by the three-year Statute of Limitations set forth in CPLR 214 (4) for actions to recover damages to property, but by the six-year Statute of Limitations set forth in CPLR 213 (1) for breach of fiduciary duty and in CPLR 213 (2) for breach of contract *(see,*

*Butler v Gibbons,* 173 AD2d 352; *Sachs v Cluett, Peabody & Co.,* 265 App Div 497, *affd* 291 NY 772). We also note that all of the proposed counterclaims arise from the same transactions as the causes of action alleged in the plaintiff's complaint, and thus, at the least, may be interposed as setoffs to plaintiff's causes of action pursuant to CPLR 203 (c) (now CPLR 203 [d]) regardless of whether they are otherwise barred by the Statute of Limitations *(see, Matter of SCM Corp. [Fisher Park Lane Co.],* 40 NY2d 788, 791).

Finally, defendant's affidavit of merit was sufficient to show good ground that its customer and brokers' listings were proprietary and confidential in nature, and therefore entitled to trade secret protection *(Leo Silfen, Inc. v Cream,* 29 NY2d 387, 392), and that it had sustained actual damages as a result of plaintiff's alleged wrongdoing *(see, Daukas v Shearson, Hammill & Co.,* 26 AD2d 526).

We have reviewed plaintiff's remaining claims and find them to be without merit. Concur—Murphy, P. J., Milonas, Wallach and Kassal, JJ.