RUTH E. PICKARD AND NEWCOMB BARRS, AS ADMINISTRA-TOR *de bonis non* OF THE ESTATE OF GRAHAM E. PICKARD, DECEASED, *Appellants*, v. CALVIN BRINKLEY AND CARO-LINE BRINKLEY, *Appellees*.

Division B.

Opinion Filed February 18, 1925.

A portion of an answer in chancery should not be stricken when it is not wholly irrelevant but has a real bearing on the equities of the case.

An Appeal from the Circuit Court for Duval County; Daniel A. Simmons, Judge.

Order reversed.

*Axtell & Rinehart,* for Appellants;

*Johnson & McIlvaine,* for Appellees.

WHITFIELD, P. J.—This suit was brought to enforce a vendor's lien upon real estate put into the possession of the vendee upon a contract of sale with an express promise by the vendee to pay the full purchase price.

A portion of the amended answer of the administrator *de bonis non* of the vendee avers, that the complainant vendor had taken and retains possession of the property without the consent of or notice to the defendant and therefore the complainant should be estopped from enforcing a vendor's lien on the property if there is such a lien. This portion of the amended answer was stricken and the defendant appealed.

Unlike the case of Aycock Bros. Lumber Co. v. First Natl. Bank of Dothan, 54 Fla. 604, 45 South. Rep. 501, the contract of sale in this case contains the following:

"In case of failure to the said party of the second part to make either of the payments or any part thereof, or to perform any of the covenants on his part hereby made and entered into, this contract shall, at the option of the parties of the first part, be forfeited and terminated, and the party of the second part shall forfeit all payments made by him on this contract, and such payments shall be retained by the said parties of the first part in full satisfaction and liquidation of all damages by them sustained, and said parties of the first part shall have the right to re-enter and

take possession of the premises aforesaid without being liable to any action therefor.''

It does not appear that the stricken portion of the amended answer is wholly irrelevant and can have no real bearing upon the equities of the case, therefore the order appealed from is reversed.

WEST AND TERRELL, J. J., concur.

TAYLOR, C. J., AND ELLIS AND BROWNE, J. J., concur in the opinion.