**PERCY EUGENE POURNELLE and HAZEL CULP, together with her husband, D. W. CULP, v. E. G. BAXTER, and E. A. CLAYTON, individually and as alleged Executors of alleged Will of Fannie A. Baird, deceased, and FANIDA BAKER HAWKINS, and LAURA BAKER.**

9 So. (2nd) 162                Special Division B
July 7, 1942

Fielding & Duncan, for appellants.

Davis, Davis & McClure, Chas. E. Davis, Baxter & Clayton & Clara B. Floyd, for appellees.

BUFORD, J.:

This cause is before us on appeal from an order of the circuit court affirming the order of a circuit judge sitting as judge of probate in lieu of the disqualified County Judge.

The case arises out of the following existing conditions: Mrs. Fannie A. Baird, a widow, died April 4, 1936. Two days after her death a will appearing to have been executed August 11, 1934, was duly probated in the County Judge's Court in and for Alachua County. By this will she made certain bequests to Percy E. Pournelle, as follows:

"XVI. I give, devise and bequeath to my cousin, Percy E. Pournelle, the former old home place known as 312 North Pleasant Street and situated on the west side of said street and on the north side of West Court Street, in Gainesville, Florida.

"XVII. I give, devise and bequeath a one-half interest in all the rest and residue of my property, real, and personal and/or mixed, to my niece Fanida Baker, in fee simple absolute, and in the event she should die before my death, I direct that such one-half interest shall go to her sisters or such of them as survive her; and a life estate or interest in the remaining one-half of such rest and residue to my cousin Percy E. Pournelle and at his death such remaining one-half shall go to my said niece, Fanida Baker. I further direct that the said corpus or principal of said life interest of the said Percy E. Pournelle in such rest and residue shall be held and reinvested by my executors and

trustees hereafter named during his life as in their judgment will best preserve and conserve the same and prevent waste and destruction."

Other bequests are not material here.

On February 9, 1936 Percy E. Pournelle predeceased the testatrix and left surviving him as his heirs at law Percy Eugene Pournelle and Hazel Culp. Hazel was married and her husband is D. W. Culp. On November 19, 1937, a little more than nineteen months after the probate of the will, supra, Percy Eugene Pournell and Hazel joined by her husband, D. W. Culp, brought suit in equity for the cancellation and annulment of the will, supra, and to establish another purported will as the true last will and testament of Mrs. Baird. That cause, on motion, was dismissed on the ground that equity was without jurisdiction. Appeal was taken to this Court and the order dismissing the case was affirmed. See Pournelle, et al., v. Baxter, et al., 142 Fla. 517, 195 So. 163. On April 11, 1940, more than four years after the probate of the will of August, 1934, the appellants here filed suit in the County Judge's Court as the court of probate seeking to cancel and set aside the probate of the will, supra, and to have probated the alleged will of April 12, 1930. In that purported will the following appears:

"I give, devise and bequeath to my cousin, P. E. Pournelle, my homeplace, described as 410 East Main Street, Gainesville, Florida, including all fixtures, furniture, musical instruments, radio and personal affects.

"I give, devise and bequeath to my cousin, P. E. Pournelle, and to my niece, Fanida Baker, all the rest and residue of my estate, both real and personal, to be

divided between them in equal portions, to share and share alike.

"I hereby appoint my cousin, P. E. Pournelle, and my niece, Fanida Baker, as executors of this will and direct that they shall not be required to give bond in qualifying as my executors."

The county judge and the resident circuit judge appeared to be disqualified and the Honorable Frank A. Smith, a circuit judge, was assigned to act as judge of probate. The respondents moved to dismiss the petition. The motion to dismiss was granted after three amendments had been admitted and petitioners had declined to amend further. The motion to dismiss was granted as appears by the record because the petition on its face showed that the petitioners were successor beneficiaries under the will which they sought to have declared and adjudicated null and void and were not only beneficiaries under that will but had not effectively renunciated or disclaimed the benefits accruing to them under the will.

It will be observed that under the will of 1934, supra, certain real property was devised to petitioners' ancestor. The ancestor beneficiary named in the will having predeceased the testatrix, the law vested the bequest in his heirs when the bequest became effective on the death of the testatrix. See Sec. 21 of the Florida Probate Act.

The title to the real estate devised to the petitioners' ancestor passed to petitioners under the probated will of 1934 if that will was valid and such title passed when Mrs. Bair died. Therefore, under the terms of that will these petitioners are prima facie vested with title to that real estate and they may only divest

themselves of that title in the manner provided by law. See Sec. 3787 R.G.S., 5660 C.G.L.

This, of course, is assuming that that will was valid.

It appears to be well settled that a beneficiary under a will who desires to contest that will must first divest himself of any beneficial interest which he has under the will. See 28 R.C.L. Sec. 391, page 387; 68 C. J. Sec. 678, page 934; Bowman v. Howenstein, Ann. Cases 1913-E, 1179; Stone v. Cook, 179 Mo. 534, 78 S. W. 801, 64 L. R. A. 287; and cases annotated in L.R.A. note.

The appellant contends that if appellee's contention in this regard is correct the petitioners in the court below were not required to plead renunciation or disclaimer; that the fact of non-renunciation or disclaimer constitutes an affirmative defense. This contention would be tenable but for the fact that the law presumes the acceptance by the testamentary donee of a beneficial gift and this presumption is conclusive where the donee has had an opportunity to elect and has not rejected within a reasonable time. See Howe's Estate, 112 N. J. Equity 17, 163 Atl. 234; Yawger's Executors' case 37 N. J. Equity 216; Sanders v. Jones, 347 Mo. 255, 147 S. W. (2nd) 424; 69 C. J. Sec. 2161, page 969.

So it is that in the face of the legal presumption that a beneficial interest has been accepted, to overcome that presumption it was necessary for the petitioners to allege a valid renunciation of the devise, that is, a renunciation which would in law be sufficient to clear the title to the involved real estate in the residuary beneficiary before the legatee may be heard to contest the will under which he has acquired a beneficial interest. Redfearn's Wills and Administra-

tion of Estates, Sec. 148, page 220. If this were not true, then a beneficiary named in one will and being named also in a prior will, which prior devise was more advantageous to him, might contest the second will and, failing to prevail in such contest, take under that will after having failed in his effort to destroy it. In such cases the law decrees that one may not eat his cake and yet have it. He cannot hold to a devise with one hand and shove it away with the other. He must determine, and determine promptly, (Sorrells v. McNally, 89 Fla. 457, 105 Sou. 106; Story v. First National Bank & Trust Co., 101 Fla. 1097, 156 Sou. 101; 3 Woerne Am. Law of Administration 1495-1496; Bacon v. Barber, [Vt.] 6 Atl. [2nd] 9, 123 A.L.R. 253) what course he will pursue and, if he has become vested with title to real estate under a probated will, he must divest himself of that title before he can contest that will. His divesture of title must be by some method and means apparent of record sufficient to lawfully divest one of title to realty which he has acquired. It is not sufficient for the beneficiary to say simply that he declines and will not have the title thrust upon him because, as heretofore stated, when he becomes a beneficiary under a will the title ipso facto vests in him upon the death of the testator and it is presumed that that title constitutes a beneficial interest in the beneficiary.

In the motion to dismiss the petition other alleged infirmities were pointed out and the appellees contend in their briefs, and have contended in oral argument before the Court, that if the motion to dismiss should have been granted on other grounds it is immaterial that the probate court dismissed the same on the stated ground; that is, that the petitioners are es-

topped because they appear to be beneficiaries under the will which they seek to contest and have not effected disclaimer or renunciation of their rights under that will and, therefore, it is proper for this Court to consider the other alleged infirmities. It becomes unnecessary for us to pursue such course because we find that the motion to dismiss was properly granted on the ground stated.

For the reasons stated, the order and decree appealed from is affirmed.

So ordered.

BROWN, C. J., TERRELL and THOMAS, JJ., concur.