49 So.2d 535 (1950)
BARNETT NAT. BANK OF JACKSONVILLE et al.
v.
MURREY.
Supreme Court of Florida, en Banc.
December 19, 1950.
J. Turner Butler, Jacksonville, Williamson, Gunster & Baugher, Palm Beach, and Patterson, Freeman, Richardson & Watson. Jacksonville, for petitioners.
*536 Joseph M. Glickstein and Bedell & Bedell, all of Jacksonville, for respondents.
SEBRING, Justice.
This is a certiorari proceeding to review an order of the Circuit Court of Duval County striking a portion of an answer to a bill of complaint filed by M.J. Murrey to set aside a trust instrument.
From the bill of complaint it appears that Mrs. Margaret Blum died on December 7, 1948 leaving a last will and testament by which she devised and bequeathed all her household furniture and one-half of all other property which she might own at her death to her son M.J. Murrey. Shortly after the will was admitted to probate Murrey learned for the first time that in 1947 Mrs. Blum had executed a trust instrument whereby she had conveyed all her property except the household furniture, consisting wholly of stocks in a corporation, to the Barnett National Bank of Jacksonville, as trustee, to be held in trust for the trustor's use and benefit during her lifetime and thereafter to be divided into five separate and equal shares and the income therefrom paid to five designated children and grandchildren, including the plaintiff, for a 10-year period, at the end of which period the trust would terminate and the shares would be paid to each of said children and grandchildren.
After learning of the existence of the trust, Murrey brought suit to set the trust instrument aside on the ground that at the time of its execution Mrs. Blum was incapable of understanding the nature and effect of the instrument and was mentally incapacitated from making a disposition of her property.
The defendants filed their answer to the bill denying the incapacity of Mrs. Blum and alleging that "Before the plaintiff can contest the validity of a trust providing for a gift to him and others, he must first divest himself by formal renunciation of any beneficial interest which he has under the gift. The plaintiff has not renounced or disclaimed any beneficial interest to him under the instrument * * * [but] is seeking to destroy the Trust without having renounced his beneficial interest thereunder and is thereby seeking to place himself in the inconsistent position of being able to accept the benefits of the Trust in the event he is unsuccessful in his effort to destroy the same. The plaintiff is and should be estopped from asserting the invalidity of the Trust until he has first filed his formal disclaimer and renouncement of any beneficial interest thereunder."
A motion to strike this portion of the answer was granted, the trial court being of the opinion that it was unnecessary for the plaintiff to renounce the benefits as a condition to bringing suit but that the benefits might be retained by him until the validity or invalidity of the instrument had been finally adjudicated. A review of this ruling is sought in this certiorari proceeding.
We do not find the law on the issue presented to be entirely in accord with the views expressed by the trial court in its order. As we understand the general rule on the subject of renunciation, it is that one who receives and retains a gift under a deed, will or other instrument is estopped to contest the validity of the instrument under which he derives his interest. But the rule is subject to the qualification that a beneficiary who has received benefits under such an instrument is not thereby estopped to contest the validity of the instrument if he returns the benefits promptly, if it appears that no prejudice has resulted to third persons whose interests are affected by the instrument by reason of the temporary receipt of the benefits, and if the elements of laches are not present in the transaction. See Pournelle v. Baxter, 151 Fla. 32, 9 So.2d 162, and cases therein cited; 72 A.L.R. 1134 Annotation; The American Law of Administration, Woerner, 3rd Ed., Secs. 217, 461. See also 57 Am.Jur. pp. 543-546, 1067-1071, Wills, Secs. 802-805, 1562-1566, for general discussion of the rule.
The rule and its qualifications are stated in Hamblett v. Hamblett, 6 N.H. 333, as follows:
"It has been repeatedly held in the English ecclesiastical courts, that a legatee, who has received a legacy by virtue of a *537 will, must bring in the legacy before being permitted to contest the will. 1 Addams, 365, Bell v. Armstrong, and cases cited. 3 Addams, 243, Braham v. Burchell.
"The rule is founded in principles of justice, and seems to be sound law. The receipt of a legacy is, quoad the legatee, an affirmance of the will. It is acting under it  taking the benefit of it, and treating it as a valid instrument.
"Such affirmance, however, is not an absolute bar against the party seeking to contest the will, though under circumstances of delay, connected with other circumstances, it has been held to preclude the party from contesting the will afterwards. 1 Addams 375; 2 Phillimore, 230, note b, Hoffman v. Norris.
"But if the party so having received a legacy, afterwards desires to contest the will, there is great reason that he should tender to the executor, or bring into court, the amount received. The security of the executor may require this, and if the party can withhold it, he may at one and the same time treat the will as valid, and invalid. Valid as authorizing him to hold that portion of the estate to which he would be entitled under it, at the same time he is alleging, that from the insanity of the testator, or some other cause, it is wholly void and inoperative.
"In ordinary cases, therefore, when a party seeks to repudiate a will as insufficient, he must do so wholly and entirely, by refusing, until it has been established, to receive the benefit of it; or if anything has been received, by returning it to the executor, or placing it in the custody of the court, that the executor may have it in case the judgment should be against the validity of the will."
The plaintiff below maintains that the rule and its qualifications, as stated in Hamblett v. Hamblett, supra, do not apply under the facts of the case at bar, for the reason that the trust agreement the plaintiff assails does not give him legal title to the property which is the subject matter of the trust but only an equity therein.
We cannot agree with the plaintiff in this contention. Though the trust instrument under attack vests the legal title to the corporate stocks in the trustee, for certain designated uses and purposes, it vests the equitable title in the stocks and the right to the income therefrom in the plaintiff. The equitable interest thus vested is property which the plaintiff may alienate, even though he may not yet have received any income as the consequence of its ownership. See 1 Scott, The Law of Trusts. Sec. 132. Moreover, it is property which may become subject to the claims of creditors of the beneficiary. See Bradshaw v. American Advent Christian Home and Orphanage, 145 Fla. 270, 199 So. 329. Therefore, before the plaintiff will be permitted to contest the trust agreement through which he has derived this interest he must do equity  which is something more than merely offering to do equity  by renouncing his interest by some method or means sufficient in law to operate as a divestiture See Pournelle v. Baxter, supra.
One reason for requiring the divestiture is to protect the trustee in the event the trust is held invalid. See Hamblett v. Hamblett, 6 N.H. 333; Holt v. Rice, 54 N.H. 398. Another reason is that the bringing in of the property will demonstrate the sincerity of the contestant and prove the suit to be not merely vexatious, inasmuch as in a proper case the property may be held as security for costs. See Bell v. Armstrong, 1 Addams 365, 162 Eng.Rep. 129. A third reason is that when the property is brought in it will be readily available for disposition under a decree of court, free from third-party claims or demands which might possibly attach if the property were permitted to remain the property of the contestant during the course of the litigation.
By renouncing his right to the property as a condition to contesting the instrument the beneficiary does not thereby forfeit all right or interest regardless of the outcome of the litigation, as is contended by the defendants in their answer. When the contestant has returned the benefits *538 in the same condition as when he received them or has relinquished his rights therein in some manner recognized by law, has shown that the rights of claimants under the trust instrument have not been adversely and injuriously affected, and has shown that he has not been guilty of laches, he will be free to contest the validity of the instrument and thereafter to take under it, if, after all the evidence is in, he finds himself unable to prove that fraud, duress or some other vitiating influence was present in the execution of the instrument or that at the time of its execution the trustor was legally incapable of executing the instrument.
As we construe the portion of the answer stricken by the trial court, it constitutes a defense to the bill as presently framed; even though it contains an averment which might be construed to mean that though the plaintiff may be successful in the litigation he nevertheless forfeits forever his beneficial interest under the trust. It is settled that where a motion to strike is directed to a portion of an answer, part of which is responsive to a bill, the motion should be denied. Southern Ferro Concete Co. v. Federal Terra Cotta Co., 79 Fla. 376, 84 So. 171; Campbell v. A.L. Wilson Co., 74 Fla. 608, 77 So. 540; Hollingsworth v. Black, 78 Fla. 125, 82 So. 848; Busch v. Baker, 79 Fla. 113, 83 So. 704; Pickard v. Brinkley, 89 Fla. 116, 103 So. 417; Boone v. Gay, 89 Fla. 347, 104 So. 585; Holgate v. Jones, 94 Fla. 198, 113 So. 714.
It is our conclusion that the order of the trial court should be quashed and that the stricken portions of the answer should be reinstated, but without prejudice to the right of the plaintiff to apply to the court below for leave to amend his bill to meet the matter set up in the answer in avoidance, if he can, in conformance with the principles herein stated, upon such terms and conditions with respect to the payment of costs as may seem meet and proper. Compare Hill v. First National Bank, 73 Fla. 1092, 75 So. 614.
It is so ordered.
ADAMS, C.J., and TERRELL, THOMAS, HOBSON and ROBERTS, JJ., concur.
CHAPMAN, J., dissents.