McNULTY, Judge.
Appellant was a beneficiary under the will sought to be probated herein but apparently stood to gain more under a prior will. Appellant’s petition for revocation of probate of the will was dismissed on the ground that appellant made a “qualified” but not an “absolute” renunciation (as these terms will be hereinafter explained) of the benefits accruing to appellant under the will being attacked. We hold that the “qualified” renunciation was all that was necessary and, therefore, reverse.
Under the “absolute” renunciation rule, which appellee would have us require, one who attacks a will must unconditionally and forever renounce any benefits given him in that will. If the attack fails, and the will is held valid, the attacker may not take what was given him thereunder. In fairness to the trial judge herein, one Florida Supreme Court case does contain some language supporting this “absolute” renunciation rule.[1]
However, as also recognized by the trial judge, the subsequent case of Barnett National Bank of Jacksonville v. Murrey[2] distinguishes the prior case and sets forth a “qualified” renunciation rule, as follows :[3]
“ . . . As we understand the general rule on the subject of renunciation, it is that one who receives and retains a gift under a deed, will or other instrument is estopped to contest the validity of the instrument under which he derives his interest. But the rule is subject to the qualification that a beneficiary who has received benefits under such an instrument is not thereby estopped to contest the validity of the instrument if he returns the benefits promptly, if it appears that no prejudice has resulted to third persons whose interests are affected by the instrument by reason of the temporary receipt of the benefits, and if the elements of laches are not present in the transaction. . . .” (Italics ours)
Making it abundantly clear that the renunciation need not be an “absolute” one, the court thereafter concluded :[4]
“By renouncing his right to the property as a condition to contesting the in *434 strument the beneficiary does not thereby forfeit all right or interest regardless of the outcome of the litigation, as is contended by the defendants in their answer. When the contestant has returned the benefits in the same condition as when he received them or has relinquished his rights therein in some manner recognized by law, has shown that the rights of claimants under the trust instrument have not been adversely and injuriously affected, and has shown that he has not been guilty of laches, he will be free to contest the validity of the instrument and thereafter to take under it, if, after all the evidence is in, he finds himself unable to prove that fraud, duress or some other vitiating influence was present in the execution of the instrument or that at the time of its execution the trustor was legally incapable of executing the instrument.” (Italics ours)
“Qualified” renunciation, therefore, would seem to be the existing rule of law and, we believe, the sounder one.[5] Such a renunciation, at once, protects the estate by keeping the property in question in the possession of the estate until its proper disposition is determined; it prevents the attacker of the will from “having his cake and eating it too,” in that if he is successful in invalidating the will he cannot take under the will; and finally, if unsuccessful, the attacker may nevertheless take under the now validated will as intended by the testator, which is, in the final analysis, the very objective of the entire matter.
Under the “absolute” renunciation rule, on the other hand, right and justice may well be frustrated. Beneficiaries under two wills who stand to get less under the later one, or heirs at law standing to gain under laws of intestacy, may bona fide have prima facie sufficient grounds to invalidate the questioned will, but be loathe to attack it lest they lose all if unsuccessful. Not only would the truth finding processes thus go unavailed but, perhaps more importantly, true or probable testative intent may remain unfulfilled. This rule is bad.
Accordingly, the order of dismissal is reversed and we remand for proceedings not inconsistent with this opinion.
Reversed.
LILES, A. C. J., and HOBSON, J., concur.

. See, Pournelle v. Baxter (1942), 151 Fla. 32, 9 So.2d 162.

. Fla., 49 So.2d 535.

. Id. at p. 536.

. Id. at p. 537.

. Barnett, supra, was followed, and the rule therein again announced, in In re Purdy’s Estate (Fla.1951), 54 So.2d 112.