PER CURIAM.
Appellant, Garfield A. Wood, Jr., seeks review of a final judgment dismissing with prejudice his amended petition for revocation of probate of decedent’s will.
Garfield A. Wood, Jr., is the son and sole heir at law and next of kin of the decedent Garfield A. Wood. Decedent executed a will before his death, which was admitted to probate on June 22, 1971 and letters testamentary issued. Notice of probate was served on petitioner in accordance with F.S. § 732.28, F.S.A., notifying him that an instrument purporting to be the will of the decedent had been admitted to probate, and that if he desired to seek revocation of the probate thereof he had a period of six-months in which to do so.
Appellant responded to the notice of probate by filing a petition to revoke the order admitting the will to probate two days before the expiration of the six-month time period provided in F.S. § 732.28, F.S.A. Pursuant to appellee-executors’ motion, the court below dismissed the petition on June 9, 1972 on the grounds that it was fatally defective, uncorrectable and that it did not contain the proper renunciation. This order was without prejudice, and appellant filed an amended petition containing a renunciation which was subsequently dismissed with prejudice by the trial court on July 17, 1972 as having been filed beyond the six-month time limit. This appeal followed that order.
It is urged on appellant’s first point on appeal that it was not necessary to allege a renunciation in his petition for revocation of probate and, therefore, the lower court erred in its order of dismissal on June 9, 1972 and in its entry of final judgment of July 17, 1972. This issue had been decided against appellant most recently in the case of In Re: Estate of Ethelreda W. Harby, Fla.App. 1972, 269 So.2d 433 (case number 71-904, 2 DCA, opinion filed November 15, 1972). In that case a qualified renunciation was found to be a necessary element in a petition for revocation. This qualified renunciation protects the estate, prevents the attacker of the will from “having his cake and eating it too,” and finally it allows the attacker to take under the will if it is validated. It is felt that the qualified renunciation rule works to satisfy the ultimate goal of testative intent and, therefore, appellant’s first point must fail.
Having established the need for renunciation in the petition for revocation, the question which remains before this court is whether appellant’s amended petition, which contained the required renunciation, would relate back to the time of the filing of the original petition for revocation or probate. The probate and guardianship rules are silent on this issue and this precise question seems never to have been raised in Florida; but case law and the rules of civil procedure, taken together, provide a satisfactory answer.
In In Re: Estes’ Estate, Fla.App.1963, 158 So.2d 794 this court held that a proceeding for revocation to have a will declared invalid is a civil matter or action. The proceeding is one conferred by statute, *44 and would be by separate suit except that the statute directs it to be filed in the probate case. This rule has been reaffirmed in Dierickx v. Wisehart, Fla.App. 1967, 195 So.2d 614.
RCP 1.010, 30 F.S.A., provides that the rules of civil procedure will apply to all suits of a civil nature and all special statutory proceedings, and that the form, content, procedure and time for pleading in all special statutory proceedings shall be 'as provided by the statutes governing the proceedings unless these rules specifically provide the contrary.
In view of the above, it is the opinion of this court that the relation back of amendments provision of the rules of civil procedure, RCP 1.190(c) is applicable in the instant case, and it follows that the court below erred in not finding the amended petition for revocation containing the renunciation to relate back to the date of the original petition. Accordingly, the final judgment is reversed and remanded with directions that the amended petition be reinstated, and that the proceedings in the court below proceed in accordance with the views expressed herein.
Affirmed in part and reversed in part.