PEARSON, Judge.
The question presented by this appeal is whether a disclaimer which is not qualified in language and which is made pursuant to Fla.Stat. § 732.28 at the time of a petition to revoke probate of a will may be considered qualified as to its effect in view of the decisions of the Supreme Court of Florida in Barnett National Bank of Jacksonville v. Murrey, Fla. 1950, 49 So.2d 535, 21 A.L.R.2d 1452 and In re Purdy’s Estate, Fla.1951, 54 So.2d 112. The circumstances out of which the issue arose is set forth by the trial judge in his order as follows:
“This cause came on to be heard on the attorney for the estate’s petition for instructions relative to the disclaimer of any interest under the Will filed by petitioners, Barbara Abrams, David Stein, Arthur Stein, and Violet Stark in their petition for revocation of probate. The disclaimer reads as follows :
‘The Petitioners disclaim any and all interest which they have under the Last Will and Testament instrument dated September 8, 1972.’ (Will being probated)
“In ARTICLE II each of the petitioners was bequeathed One Thousand Dollars. It is the position of the petitioners to revoke the Will that even though their petition has been denied to revoke the Will they would be able to take under the Will in spite of their disclaimer. This may have been possible had the petitioners entered a ‘qualified’ disclaimer but it is the interpretation of the Court that the disclaimer above quoted is positive and definite and the petitioners to revoke the Will will not be heard now to gainsay this disclaimer and claim under the Will. It is, accordingly,
“ORDERED that the petitioners, Barbara Abrams, David Stein, Arthur Stein, and Violet Stark, by their unqualified disclaimer of any interest in this Will are thereby precluded from receiving the bequests set forth in ARTICLE II of the Will.”
We believe the reasons supporting the concept of a “qualified” renunciation are set out very aptly in Estate of Wood v. Chowning, Fla.App.1972, 271 So.2d 42, where the court said:
“ . a qualified renunciation [is] ... a necessary element in a petition for revocation. [It] protects the estate, prevents the attacker of the will from ‘having his cake and eating it too,’ and finally it allows the attacker to take under the will if it is validated. It is felt that the qualified renunciation rule works to satisfy the ultimate goal of a testative intent ...” 271 So.2d 42, 43.
*122 Even though the law allows a qualified renunciation, it is clear that the language of the renunciation may be absolute. See Pournelle v. Baxter, 1S1 Fla. 32, 9 So. 2d 162 (1942) ; but compare Estate of Harby, Fla.App.1972, 269 So.2d 433.
We hold that the trial judge committed error in finding that a qualified renunciation is only one that contains certain magic words. It is clear from reading appellant’s petition to revoke probate of the will and the amendment thereto that the renunciation was put in solely for the purpose of complying with the statute and that no further purpose was intended. Therefore, the renunciation must be considered as qualified, and appellants are entitled to take under the will.
Reversed and remanded with directions to enter an order in conformity with the views set out herein.