GRIMES, Judge.
This appeal involves the timeliness of the renunciation of benefits under a will by one seeking to revoke the probate of the will.
Carrie Dokken Filion died on January 20, 1976. Her will was admitted to probate ten days later. Pursuant to Section 733.212(1), Florida Statutes (1975), the personal representative published and served a notice of administration on all beneficiaries under the will. The first date of publication was February 5, 1976.
On May 4, 1976, the decedent’s brother who was a beneficiary under the will filed a petition to revoke the probate of the will. On July 9, 1976, the court granted the personal representative’s motion to dismiss with leave to file an amended petition. Among the stated grounds for dismissal was the failure to allege that appellant had renounced or divested himself of the beneficial interest accruing to him under the will.
On July 30, 1976, the appellant filed a renunciation and disclaimer of all benefits under the will and filed a first amended petition to revoke probate in which it was alleged that the renunciation and disclaimer had been filed. Upon the personal representative’s motion, the court then dismissed the first amended petition to revoke probate on the ground that the appellant’s renunciation had not been made within the three month time period for contesting the will provided by Section 733.212(3), Florida Statutes (1975).
One who seeks to revoke the probate of a will must renounce the benefits accruing to him under that will. Pournelle v. Baxter, 151 Fla. 32, 9 So.2d 162 (1942); In re Estate of Harby, 269 So.2d 433 (Fla.2d DCA 1972). The question we must decide is whether the failure to renounce within the statutory three month time period could be later cured by amendment.
The case of In re Estate of Wood, 271 So.2d 42 (Fla.3d DCA 1973), appears to be directly on point. There, a petition to revoke probate was filed two days before the expiration of the statutory time period and did not allege a renunciation by the petitioner who was a beneficiary under the will. As in the instant case, this petition was dismissed with leave to amend. After the expiration of the statutory time period, there was filed an amended petition which contained a renunciation. The amended petition was dismissed. On appeal our sister court reversed on the theory that proceedings for the revocation of a will are civil in nature and that pursuant to Fla.R.Civ.P. 1.190(c), the allegations of the amended petition related back to the original petition. We cannot accept the appellee’s effort to distinguish this case on the ground that it may only hold that the allegation of the renunciation was deemed to relate back. The renunciation, itself, was contained in the amended petition, and the clear implication of the opinion is that this is the first time that a renunciation was made.
In any event, we believe that the first amended petition to revoke probate filed in the instant case should have been allowed to stand. Renunciation is a judicially imposed doctrine deemed necessary to avoid the paradox of a person claiming benefits under a will which he seeks to declare invalid. It is more nearly a condition precedent to the remedy rather than to the cause of action.
*1182 Appellant’s cause of action existed when the will was admitted to probate. He prosecuted his cause of action by filing a petition to revoke probate within the three month period prescribed by Section 733.-212(3). The statute only dictates when the petition must be filed. We see nothing in the statute which would preclude the subsequent filing of the renunciation. None of the assets of the estate have ever been in the appellant’s hands, and no prejudice could have resulted from the failure to renounce within the statutory period for filing the petition.
REVERSED.
McNULTY, Acting C. J., and OTT, J., concur.