615 So.2d 701 (1992)
Theresa H. CARMAN, Appellant,
v.
Roy GILBERT, Basil Santana, and Nenet C. Heiser n/k/a Nenet M. Catle, Appellees.
No. 92-00832.
District Court of Appeal of Florida, Second District.
November 25, 1992.
Rehearing Denied January 8, 1993.
*702 Richard C. Langford, St. Petersburg, for appellant.
George M. Osborne, St. Petersburg, for appellees Santana and Catle.
James C. Runyon, St. Petersburg, for appellee Gilbert.
PER CURIAM.
The appellant challenges orders of the trial court determining that she had renounced her interest in the estate of Charles K. Carman, Jr., and awarding attorney's fees to the appellees' attorneys. We affirm the order for renunciation of benefits, reverse the award of attorney's fees, and remand for further findings.

RENUNCIATION OF BENEFITS
Charles K. Carman, Jr., the appellant's brother, died on January 10, 1991, and his last will and testament was admitted to probate on January 28, 1991. Under the terms of the decedent's will, the appellant was to receive a one-half interest in their father's former residence and the balance of the estate was devised to four individuals, none of whom were related to the decedent. On April 5, 1991, the appellant filed a petition for revocation of probate, asserting that her brother, who was hospitalized at the time of execution of his will, lacked testamentary capacity and that the will was the product of undue influence on the part of the residual beneficiaries. The petition contained the following language:

*703 6. Petitioner, Theresa H. Carman, disclaims any and all interest which she may have under the last will and testament of Charles K. Carman, Jr. dated December 21, 1990.
On July 30, 1991, the appellant voluntarily dismissed the revocation proceeding. On September 11, 1991, the appellees filed a "Petition for Determination of Renunciation of Benefits" requesting the court to rule that the appellant had forfeited her rights in the estate by reason of paragraph 6 of her petition. After hearing, the trial court found the "renunciation was unconditioned in its terms and intent, and upon the facts herein cannot be withdrawn." The court then ordered that the appellant take nothing by the will and that her share of the estate be divided among the residual beneficiaries.
It is a judicially created doctrine that a beneficiary who files a petition to revoke probate must renounce the benefits under the will. In re the Estate of Filion, 353 So.2d 1180 (Fla. 2d DCA 1977). The doctrine requires the renunciation as a condition precedent to the remedy. 353 So.2d at 1181. The solidification of the doctrine in Florida can be traced back to Pournelle v. Baxter, 151 Fla. 32, 36, 9 So.2d 162, 163 (1942), where the court said: "It appears to be well settled that a beneficiary under a will who desires to contest that will must first divest himself of any beneficial interest which he has under the will." Later, in Barnett National Bank of Jacksonville v. Murrey, 49 So.2d 535, 537-38 (Fla. 1950), an action to set aside a trust, the court held that the required renunciation would not necessarily result in total forfeiture:
By renouncing his right to the property as a condition to contesting the instrument the beneficiary does not thereby forfeit all right or interest regardless of the outcome of the litigation.... [H]e will be free to contest the validity of the instrument and thereafter to take under it, if, after all the evidence is in, he finds himself unable to prove that fraud, duress or some other vitiating influence was present... .
Thus was born the doctrine of "qualified" renunciation, which was endorsed by this court in In re Estate of Harby, 269 So.2d 433 (Fla. 2d DCA 1972), and which remains the law of this state.
The appellant argues that the language of paragraph 6 of the petition, which facially appears to be an absolute renunciation, should be construed to be "qualified" or "conditional." Support for this position is found in In re Estate of Stein, 301 So.2d 120 (Fla. 3d DCA 1974). In Stein, the renunciation language of the petition to revoke probate reads:
"The Petitioners disclaim any and all interest which they have under the Last Will and Testament instrument dated September 8, 1972.'
301 So.2d at 121. In reversing the trial court's determination that this language constituted an "absolute" renunciation, the court stated:
We hold that the trial judge committed error in finding that a qualified renunciation is only one that contains certain magic words. It is clear from reading appellant's [sic] petition to revoke probate of the will and the amendment thereto that the renunciation was put in solely for the purpose of complying with the statute and that no further purpose was intended. Therefore, the renunciation must be considered as qualified, and appellants are entitled to take under the will.
301 So.2d at 122.
The Florida Supreme Court acknowledged early on that the pleading of renunciation is a matter of form rather than substance. See Medary v. Dalman, 69 So.2d 888, 890 (Fla. 1954). We cannot formulate an example in which a qualified renunciation would have any legal effect whatsoever. If the revocation proceeding fails, the renunciation is of no effect and the petitioner takes under the will. If, on the other hand, the trial court revokes the probate of the will, then there is nothing left to renounce. In this context, the conclusion reached in Stein is a matter of common sense. Nonetheless, we are unable to follow Stein in this case. This *704 court made it clear in Harby that the pleading of a qualified renunciation was sufficient when we said:
Appellant was a beneficiary under the will sought to be probated herein but apparently stood to gain more under a prior will. Appellant's petition for revocation of probate of the will was dismissed on the ground that appellant made a "qualified" but not an "absolute" renunciation ... of the benefits accruing to appellant under the will being attacked. We hold that the "qualified" renunciation was all that was necessary and, therefore, reverse.[1]
269 So.2d at 433. In fact, The Florida Bar's form, "Petition For Revocation Of Probate Of Will," contains the following sample paragraph:
4. Petitioner renounces any devise or interest that he may have under the purported will. This renunciation is made as a condition to contesting the will of the decedent and is a qualified renunciation under the case law of Florida.
Continuing Legal Education, The Florida Bar, Litigation Under Florida Probate Code, § 3.33 (2d ed. 1991). Confronted with these circumstances, we have no alternative but to conclude that the appellant must be bound by her chosen words of "absolute" renunciation. Thus, we affirm the trial court's ruling in this regard.
We are of the view that the issue presented in this case may be worthy of the consideration of the Florida Supreme Court. We therefore certify this decision to be in direct conflict with Stein.

ATTORNEY'S FEES
The appellant attacks the award of attorney's fees to the appellees' attorneys on two grounds. First, the appellant argues that a request for fees was not properly pled as required by Stockman v. Downs, 573 So.2d 835 (Fla. 1991). Second, the appellant contends that the trial court, in making the award, did not comply with the procedural requirements of Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985).
It is the appellant's position that the appellees' request for fees must be found in their responses to the appellant's petition to revoke probate. We disagree. "A party seeking attorney's fees pursuant to statute or contract must plead entitlement to such fees." Stockman, 573 So.2d at 838. Such pleading must demonstrate: (a) the contractual or statutory basis for an award, (b) why the opposing party should be obligated to pay the award, and (c) the obligation of the moving party to pay his or her attorney. See Blount Bros. Realty Co. v. Eilenberger, 98 Fla. 775, 124 So. 41 (1929). In this case, appellee Gilbert filed a letter pro se in response to the petition and made no reference to attorney's fees. Appellees Santana and Heiser filed a response through their attorney which contained a general request for fees "pursuant to ... the law of the State of Florida." Both of these pleadings fail the Stockman test.
Here, however, we are dealing with a request for fees to be paid from the estate of Charles K. Carman, Jr., pursuant to section 733.106(3), Florida Statutes (1989). The prevailing attorneys did file a subsequent pleading entitled "Petition of Named Respondents For Attorneys' Fees" which factually meets the requirements of Stockman. Because the fees sought were predicated on having provided a benefit to the estate, which could encompass more than merely having defended the petition to revoke probate, and section 733.106 permits an attorney to make such an application at any time during the pendency of the estate, we determine that the petition provided timely notice of the request for fees to all affected parties.
Nonetheless, the fee awards must be reversed. The principles of Rowe apply in probate proceedings. In re Estate of Platt, 586 So.2d 328 (Fla. 1991). In making its award of attorney's fees, the trial court failed to make the findings required by *705 Rowe. Thus, we remand for the trial court to make the requisite findings and enter an order on attorney's fees consistent with its findings.
Affirmed in part, reversed in part, and remanded.
FRANK, A.C.J., and PARKER and PATTERSON, JJ., concur.
NOTES
[1] See also In re Estate of Gaspelin, 542 So.2d 1023, 1025 (Fla. 2d DCA), review denied, 547 So.2d 1209 (Fla. 1989).