PER CURIAM.
Underwriters at Lloyds, London, appeal a summary final judgment. We reverse.
Lloyds issued an open cargo policy of insurance to appellee VIP Distributors, Inc., which is in the business of importing and distributing goods. VIP contends that, in 1990, it shipped approximately $300,000 worth of perfume products by Ladeco Airlines to Miami, Florida. The morning following the arrival of the Ladeco flight, the perfume products could not be located among the cargo unloaded from the Ladeco airplane. VIP made an insurance claim with Lloyds, which denied coverage.[1]
*292 It is axiomatic that on a motion for summary judgment, it is the burden of the movant to demonstrate the nonexistence of any disputed issue of material fact. Moore v. Morris, 475 So.2d 666 (Fla.1985); Connelly v. Arrow Air, Inc., 568 So.2d 448 (Fla. 3d DCA 1990) review denied, 581 So.2d 1307 (Fla.1991); Francoeur v. Pipers, Inc., 560 So.2d 244 (Fla. 3d DCA 1990). In the present case, VIP has produced evidence indicating that the goods were loaded on the relevant Ladeco flight to Miami, and that the flight was a nonstop flight. In opposition, Lloyds points to a number of discrepancies in the documents relating to the shipment. On the present state of the record, it appears that when the aircraft arrived in Miami, the aircraft crew was carrying an advisory and four air bills relating to other cargo, but was not in possession of an advisory and air bill relating to the shipment of perfume goods. In the normal course, such documents would have immediately been presented to United States Customs. Lloyds argues, and we agree, that the apparent absence of these documents when the nonstop flight arrived in Miami raises a disputed issue of material fact as to whether the goods in question were actually loaded on board the aircraft in Paraguay.
We conclude that, as the record now stands, summary judgment should not have been entered. Accordingly, we reverse the summary final judgment and remand the cause for further proceedings. At argument, the insured suggested that the advisory and air bill do, in fact, exist, but have not yet been located by the United States Customs Service. Nothing we say here precludes the submission of another motion for summary judgment on a more fully developed record. As matters now stand, however, the insured has not carried its burden of demonstrating the nonexistence of a disputed issue of material fact.
Reversed and remanded for further proceedings consistent herewith.

. VIP also made a claim against Ladeco. Lade-co entered into a settlement with VIP, which covered part of the claimed loss.