638 So.2d 127 (1994)
DEALERS INSURANCE CO., Appellant,
v.
HAIDCO INVESTMENT ENTERPRISES, INC., Appellee.
No. 93-2418.
District Court of Appeal of Florida, Third District.
June 7, 1994.
*128 Merritt, Sikes & Ennis and Francine D. Holbrook, Miami, for appellant.
John H. Ruiz, David Rodriguez and Associates, Miami, for appellee.
Before BASKIN, JORGENSON and COPE, JJ.
COPE, Judge.
Dealers Insurance Company appeals an adverse summary judgment. We reverse.
According to the pleadings in this case, plaintiff Haidco Investment Enterprises, Inc. ("Haidco") entered into a contract with Z-World Automotive Broker, Inc., and Khaled Al-Tararwah for the purchase of automobiles. Z-World is a dealer subject to the provisions of chapters 319 and 320, Florida Statutes.
Plaintiff alleged that under the contract, plaintiff was to buy, and receive title to, several automobiles. Z-World and Khaled Al-Tararwah (collectively "Z-World") were to negotiate for the sale of the vehicles to persons in Kuwait. Upon payment to plaintiff, the vehicles were to be resold for export. Plaintiff alleged that it paid the required money to Z-World, but that Z-World failed to deliver the vehicles and the vehicle titles. Plaintiff alleged that instead Z-World sold the vehicles to third persons and failed to pay plaintiff. Plaintiff sought damages from Z-World.
Plaintiff and Z-World entered into a settlement stipulation. In the stipulation, Z-World admitted that it had violated, inter alia, section 319.34, Florida Statutes (1991).[1] Thereafter, the lawsuit was dismissed without prejudice as to Z-World (including Khaled Al-Tararwah).
The complaint in this case also named appellant Dealers Insurance Company as a defendant. Several days after the voluntary dismissal, process was served on Dealers. Plaintiff contended that Dealers had issued a surety bond in the amount of $25,000 pursuant to section 320.27(10), Florida Statutes (1991). The bond states that it indemnifies "any person in a retail or wholesale transaction who shall suffer any loss as a result of any failure [of Z-World] to comply with the conditions of any written contract made by such dealer in connection with the sale or exchange of any motor vehicle or as a result of any violation of the provisions of Chapter 319 or 320, Florida Statutes, in the conduct of business for which he [the dealer] is licensed." Plaintiff contended that the surety was obliged to make payment to the plaintiff under the terms of the surety bond.
*129 Dealers answered and denied, or indicated it was without knowledge of, most of the material allegations of the complaint. Dealers also raised two affirmative defenses. Thereafter an amended complaint was served and was pending at the time plaintiff moved for summary judgment.
Plaintiff filed a motion for summary judgment. The motion asserted that in the joint stipulation Z-World had admitted a breach of contract and had admitted a violation of chapter 319, Florida Statutes. Plaintiff urged that the surety was obliged to pay as a matter of law. The trial court entered summary judgment and this appeal follows.[2]
It is the burden of the movant for summary judgment to establish the nonexistence of any disputed issue of material fact, and to show entitlement to judgment as a matter of law. See Fla.R.Civ.P. 1.510; Underwriters at Lloyds, London v. VIP Distributors, Inc., 629 So.2d 291 (Fla. 3d DCA 1993). This burden is an especially heavy one where, as here, the action is not yet at issue. See Rodriguez v. Tri-Square Constr., Inc., 635 So.2d 125 (Fla. 3d DCA 1994).
Plaintiff's position was that the surety was bound by Z-World's admissions in the joint stipulation that Z-World had breached a contract for sale of motor vehicles, and had violated chapter 319, Florida Statutes. We disagree. Dealers was not a party to that stipulation and is not bound by it. Although Z-World's statements in the stipulation are admissions as to Z-World, see § 90.803(18), Fla. Stat. (1993), there is no indication in the present record of a basis on which Z-World's statements are automatically binding on Dealers. See id.
Plaintiff also argued that the surety was liable because judgment had been entered against Z-World and in favor of plaintiff. However, no such judgment was entered. In reality Z-World had simply been dismissed without prejudice pursuant to the stipulation. Further, even if judgment had been entered, liability would not be conclusively established as to the surety. See Heritage Ins. Co. v. Foster Elec. Co., 393 So.2d 28, 29 (Fla. 3d DCA 1981).
Dealers also explicitly objected that the factual basis for plaintiff's motion was not supported by proof in the record, and was not otherwise admitted by Dealers. This point, too, is well taken. The pleadings in this case were unsworn. The photocopies of vehicle titles were unauthenticated. None of the assertions regarding the purchase and sale transactions was under oath. The document purporting to be the contract between plaintiff and Z-World was appended to a note signed by Z-World and Khaled Al-Tararwah, but not signed by plaintiff. The only factual assertions supporting the existence of a contract were found in plaintiff's unsworn pleadings.
As a general proposition, "[i]f issues of fact are admitted in the pleadings, no further showing concerning them is required." Henry P. Trawick, Jr., Trawick's Florida Practice & Procedure § 25-8, at 404 (1993 ed.) (footnote omitted). This was not such a case. In the present case plaintiff's entitlement to recover depended upon a number of factual matters which had not been admitted and therefore required proof.
The summary judgment must be reversed. We need not reach, and express no opinion on, the merits of Dealers' affirmative defenses, nor Dealers' assertions regarding its maximum liability under the bond.
Because there must be further proceedings below, we address Dealers' arguments relating to Stockman v. Downs, 573 So.2d 835 (Fla. 1991). In the present case the complaint and amended complaint contain a general request for attorney's fees in the "Wherefore" clause. Dealers correctly asserts that such a general claim for attorney's fees does not satisfy the pleading requirements of Stockman.
The theory of Stockman is that a defending party should be placed on notice of the *130 claims which are alleged. 573 So.2d at 837. This not only avoids unfair surprise, but also may influence the parties' decisions regarding the handling of the litigation and the desirability of settlement. Id. For those reasons, the supreme court held "that a claim for attorney's fees, whether based on statute or contract, must be pled." Id. This necessarily means that the requesting party must plead the statutory or contractual basis on which that party seeks attorney's fees. Two other districts have already so held. See Carman v. Gilbert, 615 So.2d 701, 704 (Fla. 2d DCA 1992), review granted, 626 So.2d 203 (Fla. 1993);[3]United Pacific Ins. Co. v. Berryhill, 620 So.2d 1077, 1079 (Fla. 5th DCA 1993).
Although the general claim for attorney's fees in this case was insufficiently pled, the general principles governing amendments to pleadings would of course be applicable here. Consequently, if plaintiff on remand requests leave to amend to correct this pleading deficiency, the question of leave to amend is addressed to the sound discretion of the trial court.[4]
The summary judgment is reversed and the cause remanded for further proceedings consistent herewith.
NOTES
[1] The stipulation also admitted that Z-World had violated sections 319.36 and 320.29, Florida Statutes. However, those statutes had been repealed prior to the events that are the subject of the plaintiff's complaint. See ch. 91-138, § 2, Laws of Fla.; ch. 77-357, § 46, Laws of Fla.; ch. 76-168, § 3(2)(d), Laws of Fla.
[2] The trial court entered what was intended to be a final judgment. However, it does not contain the requisite words of finality. Accordingly we treat the appeal as the appeal of a non-final order under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv).

This moots Dealers' argument under McGurn v. Scott, 596 So.2d 1042 (Fla. 1992), that jurisdiction cannot be reserved in a final judgment for a later award of prejudgment interest.
[3] The Carman decision certified conflict with this district on a different point of law than the point involved here.
[4] Although not raised by the parties, the better pleading practice would be for plaintiff to assert the claim against the surety company in a separate count setting forth the plaintiff's claim under the bond, instead of its treatment as an element within the "Wherefore" clause.