HARDING, Justice.
We have for review the opinion in Carman v. Gilbert, 615 So.2d 701 (Fla. 2d DCA 1992), which certified conflict with the opinion in In re Estate of Stein, 301 So.2d 120 (Fla. 3d DCA 1974). We have jurisdiction pursuant to article V, section 3(b)(4) of the Florida Constitution. We quash the decision below because a renunciation of benefits which is included in a petition to revoke probate of a will should be interpreted as a qualified renunciation.
This ease involves a will contest in which Theresa H. Carman (Carman) filed a petition for revocation of probate of her brother’s will. Under the terms of the will, Carman received one-half of her brother’s interest in their father’s former residence. The will also included a number of specific bequests to other beneficiaries who were not related to the brother, with the balance of the estate being devised to four of those individuals. Carman asserted that her brother lacked testamentary capacity at the time' the will was executed and that several of the beneficiaries exerted undue influence on her brother. Carman’s petition for revocation of probate contained the following language of renunciation:
6.Petitioner, Theresa H. Carman, disclaims any and all interest which she may have under the last will and testament of Charles K. Carman, Jr. dated December 21, 1990.[1]
After Carman voluntarily dismissed the revocation proceeding, the Respondents filed a “Petition for Determination of Renunciation,” asserting that Carman had forfeited her rights in the estate by reason of the renunciation in her petition. The trial court determined that the “renunciation was unconditional in its terms and intent, and upon *1325 facts herein cannot be withdrawn.” The court ordered Carman take nothing by the will and that her share of the estate be divided among the residual beneficiaries.
On appeal, the Second District Court of Appeal affirmed the order for renunciation of benefits, finding that Carman “must be bound by her chosen words of ‘absolute’ renunciation.” 615 So.2d at 704. However, the district court certified its decision to be in direct conflict with Stein. Id.
It is “well settled that a beneficiary under a will who desires to contest that will must first divest himself of any beneficial interest which he has under the will.” Pournelle v. Baxter, 151 Fla. 32, 36, 9 So.2d 162, 163 (1942). This Court explained that the purpose of such renunciation is three-fold: 1) to protect the executor in the event the will[2] is held invalid; 2) to demonstrate the sincerity of the contestant and prove that the suit is not merely vexatious; and 3) to have the property readily available for disposition under a decree of court. Barnett National Bank v. Murrey, 49 So.2d 535, 537 (Fla.1950). Although renunciation of any beneficial interest is a condition to contesting the will, “the beneficiary does not thereby forfeit all right or interest regardless of the outcome of the litigation.” Id. If the contest is unsuccessful, the contesting party may still take under the instrument. Id. at 538. Thus, the effect of the renunciation is “qualified,” rather than “absolute.”
Based upon Barnett National Bank, the Second District Court of Appeal previously held that a will contestant need only assert a “qualified” renunciation in a petition for revocation of probate. In re Estate of Harby, 269 So.2d 433 (Fla. 2d DCA 1972). In the instant case, the district court cited Harby and a sample form promulgated by The Florida Bar to support its conclusion that Car-man “must be bound by her chosen words of ‘absolute’ renunciation.” 615 So.2d at 704. Thus, the district court looked to the words of renunciation rather than the purpose behind the renunciation.
In contrast, the Third District Court of Appeal reached the opposite conclusion when faced with an almost identical disclaimer in a petition for revocation of probate.[3] Stein, 301 So.2d 120. In Stein, the district court reversed an order precluding will contestants from taking anything under the will because their disclaimer was couched in absolute language. The district court concluded that a renunciation need not contain “certain magic words” in order to be qualified in its effect. Id. at 122. Instead, the court discerned the qualified nature of the renunciation by reading the petition to revoke probate and the amendment to the petition. The district court further determined that the sole purpose for including the renunciation was to comply with the requirement that a beneficiary must renounce benefits under the will in order to file a petition to revoke probate. Id. Thus, the Third District Court of Appeal looked to the purpose behind the renunciation rather than to the literal words of renunciation.
We agree with the reasoning of the district court in Stein. As this Court explained in Barnett National Bank, a beneficiary must renounce benefits under a will or trust agreement in order to contest the validity of the instrument. 49 So.2d at 537. However, “[b]y renouncing [the] right to the property as a condition to contesting the instrument the beneficiary does not thereby forfeit all right or interest regardless of the outcome of the litigation.” Id. Because the pleading of renunciation is a necessary requirement to the filing of a petition to revoke probate of a will, we hold that such a renunciation will be interpreted as qualified in effect. This interpretation permits an unsuccessful contestant to take under the will as *1326 the testator intended. At the same time, it encourages beneficiaries to come forward with bona fide claims as to the validity of an instrument that could thwart the testator’s true intent.
However, we caution that the attacker of a will should not be permitted to “have the cake and eat it, too.” In Barnett National Bank, this Court stated that a beneficiary must “do equity” by renouncing the right to property under an instrument as a condition to contesting the instrument. 49 So.2d at 537. The Court charged the contestant with a number of equitable obligations, including showing “that the rights of claimants under the trust instrument have not been adversely and injuriously affected.” Id. at 538. It would be contrary to this equitable duty to allow a contesting beneficiary to deplete the assets of the estate through an unsuccessful proceeding to revoke probate and still take an undiminished share under the will. Under such circumstances, the court has the discretion to direct that the resulting costs and attorney fees be charged against the contestant’s bequest under the will.[4]
In the instant case, the record indicates that the court ordered $6,438 in attorney’s fees be paid to the beneficiaries’ attorneys, based upon a determination that the defense of the will directly benefited the estate.[5] The court directed that these fees be charged against the residue of the estate. According to the record, the estate also paid an attorney $5,604 for representation relating to the petition to revoke probate. These fees represent almost ten percent of the total inventory value of this modest estate. In light of our determination that Carman did not renounce her benefits and is entitled to take under the will, the trial court should make a new determination regarding from what part of the estate the fees should be paid.
Because a renunciation of benefits included in a petition to revoke probate is qualified in effect, we quash the decision below and approve the opinion in Stein. We remand this cause for proceedings consistent with this opinion.
It is so ordered.
GRIMES, C.J., OVERTON, SHAW and KOGAN, JJ., and McDONALD, Senior Justice, concur.

. Carman's "Amended Petition for Revocation” included the same renunciation in paragraph 7.

. We note that Barnett National Bank v. Murrey, 49 So.2d 535 (Fla.1950), which involved an action to set aside a trust instrument, speaks in terms of protecting the trustee of the trust rather than the executor of the will. However, the reasoning of the Court applies equally to a will contest such as the one presented in the instant case.

. The words of renunciation at issue in In re Estate of Stein provided:
" 'The Petitioners disclaim any and all interest which they have under the Last Will and Testament instrument dated September 8, 1972.' ”
301 So.2d 120, 121 (Fla. 3d DCA 1974) (quoting trial judge's order) (quoting petition for revocation of probate).

. Section 733.106, Florida Statutes (1989), provides for the award of costs and attorney fees in probate proceedings. Subsection (4) provides that "[wjhen costs and attorney fees are to be paid out of the estate, the court may, in its discretion, direct from what part of the estate they shall be paid.”

. Section 733.106(3), Florida Statutes (1989), provides that "[a]ny attorney who has rendered services to an estate may apply for an order awarding attorney fees, and after informal notice to the personal representative and all persons bearing the impact of the payment the court shall enter its order on the petition.”