PARKER, Chief Judge.
Carl E. Lindenmayer, personal representative of the estate of Marjorie Paris, challenges the trial court’s nonfinal order denying his petition to tax litigation attorney’s fees against Kathryn M. Harper in this probate case. We reverse.
In September 1994, Ms. Harper filed a petition for administration in the estate. Harper offered for administration a will dated June 7, 1993 (1993 will). Ten days later, Lindenmayer filed a caveat by interested person in the estate objecting to the petition for administration that Harper filed. The caveat listed Clifford R. Rhoades, Esquire, as Lindenmayer’s agent, stating that Rhoades was a member of the Florida Bar. Two days later, Harper gave Lindenmayer formal notice of petition for administration. In October 1994, Lindenmayer filed a response to petition for administration denying that the 1993 will was the Last Will and Testament of Marjorie Paris. He alleged that Harper pro *302 cured the 1993 will by overreaching, fraud, or undue influence, or all of the above. Linden-mayer’s response also stated that he intended to file a petition for administration of a will executed by Marjorie Paris on January 31, 1985 (1985 will), in which he was named the personal representative. Lindenmayer did not request attorney’s fees from the estate in this response. After the hearing on the petition for administration filed by Harper, the trial court denied the petition because Harper could hot rebut the presumption that she procured the 1993 will by her exercise of undue influence on Marjorie Paris.
Thereafter, Lindenmayer filed a petition for establishment and probate of lost or destroyed will and appointment of personal representative. Lindenmayer offered the 1985 will for administration. The 1985 will was admitted to probate, and the court appointed Lindenmayer as personal representative of the estate.
Lindenmayer then filed a petition to tax litigation attorney’s fees against Harper. The petition asked for the payment of attorney’s fees incurred in the contest of the petition for administration that Harper filed. The petition requested that the fees awarded be taxed against Harper’s interest in the 1985 will first, and then pro-rata against the other beneficiaries’ shares of the estate. The basis for the petition for attorney’s fees was that the personal representative incurred legal fees in preventing the probate of the 1993 will and that those fees benefited the estate by allowing the 1985 will to be probated. The taxing of the fees against a certain beneficiary’s share of the estate was based on the fees being incurred due to Harper’s conduct in attempting to probate an “ill-gotten will.” The circuit court did not reach the issue of the propriety of taxes for attorney’s fees against Harper’s share of the estate due to its finding that the attorney’s fees incurred in contesting the probate of the 1993 will should not be an expense of the estate. The court relied on Stockman v. Downs, 573 So.2d 835 (Fla.1991), in holding that an interested party to a probate proceeding must plead that party’s entitlement to attorney’s fees in the initial pleading filed in probate.
Lindenmayer argues that he is allowed, pursuant to section 733.106(3), Florida Statutes (1995), to apply for an order awarding fees when he has rendered services to the estate. We agree. Section 733.106(3) requires Lindenmayer to give informal notice to the personal representative and to all persons who would be impacted by the award. Lindenmayer complied with these requirements. Section 733.106(3) allows the attorney to apply for these fees at any time during the pendency of the estate.
In Carman v. Gilbert, 615 So.2d 701 (Fla. 2d DCA 1992), rev’d, on other grounds, 641 So.2d 1323 (Fla.1994), this court upheld the award of attorney’s fees in a similar case. While the attorney’s initial attempts at establishing a right to fees did not meet the requirements of Stockman, this court found that the petition filed pursuant to section 733.106(3) did meet the requirements. Id. at 704. This court reasoned:
Because the fees sought were predicated on having provided a benefit to the estate, which could encompass more than merely having defended the petition to revoke probate, and section 733.106 permits an attorney to make such an application at any time during the pendency of the estate, we determine that the petition provided timely notice of the request for fees to all affected parties.
Id. The Florida Supreme Court reversed this case on other grounds, but specifically noted that the trial court awarded fees pursuant to section 733.106(3), and that the trial court should make a new determination of only from what part of the estate the attorney’s fees should be paid. Carman v. Gilbert, 641 So.2d 1323, 1326 (Fla.1994).
Accordingly, we conclude that the trial court erred in denying the petition to tax litigation attorney’s fees against the estate. Upon remand, the trial court is directed to grant the petition and to determine from which part of the estate the fees should be paid.
Reversed and remanded.
DANAHY and BLUE, JJ., concur.