PER CURIAM.
Florida Intergovernmental Risk Management Association (FIRMA), a risk management pool of several municipalities in Palm Beach County, appeals from a final judgment ruling that the City of Greenacres (Greenacres) is not liable for certain assessments imposed after the city left the pool and that FIRMA’s plan establishing those assessments was void because of Sunshine Law violations.
Greenacres cross-appeals the trial court’s ruling on its amended counterclaim that FIRMA, Southeast Risk Management Association (SERMA), and McCreary Corporation, the pool’s management firm, were not liable to Greenacres for breach of any fiduciary duty. Greenacres also appeals the trial court’s denial of attorney’s *450 fees and costs. We affirm as to all of the above issues, except the denial of costs to Greenacres for its defense of FIRMA’s breach of contract claim and attorney’s fees and costs on its claim of Sunshine Law violations.
The trial court correctly determined that pertinent provisions of the parties’ amended interlocal agreement and by-laws clearly and unambiguously set forth the manner in which each member was to be assessed, and that parol evidence was not necessary for their interpretation. See, e.g., Singer Island Civ. Ass’n v. Casetta, Ltd., 527 So.2d 861, 862 (Fla. 4th DCA 1988). Based upon these provisions, the court properly concluded that Greenacres did not breach the agreement and by-laws and was not required to pay the additional assessments sought by FIRMA.
The trial court also properly determined that the September 26, 1994 and April 7, 1997 FIRMA meetings, at which Greenacres was assessed payments under a five-year plan, were held in violation of Florida’s Sunshine Law. The FIRMA meeting held in September 1994 was not properly noticed and the subsequent ratification meeting in April 1997 was merely perfunctory and failed to correct the problem. See, e.g., Zorc v. City of Vero Beach, 722 So.2d 891, 901-02 (Fla. 4th DCA 1998), and cases cited therein. We therefore find no error in the court’s conclusion that the assessment made at these meetings was void.
With respect to Greenacres’ cross-appeal, we find no merit in Green-acres’ contention that the trial court erred in finding no breach of fiduciary duty by FIRMA, SERMA, and the McCreary Corporation. ' The trial court found that the relationship between FIRMA and each of its members was reached through an arms length transaction and that FIRMA owed no fiduciary duty to Greenacres. See Capital Bank v. MVB, Inc., 644 So.2d 515, 518 (Fla. 3d DCA 1994). The court further found that SERMA, a separate legal entity rather than a successor to FIRMA, had no fiduciary duty to Greenacres. Additionally, the court determined that McCreary’s actions in administering FIRMA were done at the direction of FIRMA and its members, including Greenacres, and did not constitute a breach of any fiduciary duties owed to FIRMA or Greenacres. Moreover, the court found no relationship between any alleged breach of a fiduciary duty and the overpayments claimed by Greenacres.
Turning to the issue of attorney’s fees and costs claimed by Greenacres, we note that the trial court declared in the final judgment that there was no prevailing party and ruled that neither Green-acres nor FIRMA was entitled to attorney’s fees and costs. We agree, however, with Greenacres that it prevailed on the contract claim brought against it by FIR-MA. The interlocal agreement provides that the prevailing party in any action based on the agreement shall recover attorney’s fees and costs incurred. We nevertheless affirm the trial court’s denial of attorney’s fees to Greenacres because the city failed to adequately plead its demand for attorney’s fees based on the contract. See Stockman v. Downs, 573 So.2d 835, 837-38 (Fla.1991)(“[A] claim for attorney’s fees, whether based on statute or contract, must be pled. Failure to do so constitutes waiver of the claim.”); see also Tucker v. Ohren, 739 So.2d 684 (Fla. 4th DCA 1999); Dealers Ins. Co. v. Haidco Inv. Enters., 638 So.2d 127, 130 (Fla. 3d DCA 1994); Carman v. Gilbert, 615 So.2d 701, 704 (Fla. 2d DCA 1992), rev’d on other grounds and aff'd. in part, reversed in part, 641 So.2d 1323 (Fla.1994); United Pacific Ins. Co. v. Berryhill, 620 So.2d 1077, 1079 (Fla. 5th DCA 1993).
*451 Section 57.041, Florida Statutes, provides that the “party recovering judgment shall recover all his or her legal costs and charges which shall be included in the judgment.” We reverse the denial of costs to Greenacres, because as a prevailing party, Greenacres is entitled to recover its costs.
We also agree with Greenacres that it prevailed upon its claim against FIRMA for Sunshine Act violations. Section 286.011(4), Florida Statutes, requires the assessment of reasonable attorney’s fees against the public entity and in favor of the person filing an action to enforce the open meetings provision of the statutory section or invalidation of an action taken in violation of the section, when the person bringing the action prevails. Because Greenacres properly pled entitlement to fees on the Sunshine Law violations, we reverse the denial of attorney’s fees and costs to Greenacres.
AFFIRMED in part; REVERSED in part.
DELL, TAYLOR, JJ„ and OWEN, WILLIAM C., Jr., Senior Judge, concur.