DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JEFFREY GOSSETT,**
Appellant,

v.

**NINA M. GOSSETT,** Individually and as Trustee of Roger F. Gossett
Revocable Trust Agreement u/a/d 5/24/10, as amended, **JENNIFER
GOSSETT, GLEN GOSSETT, MICHELLE GOSSETT, JAKE GOSSETT,
TYLER HERING** and **KRISTA A. HERING,**
Appellees.

No. 4D14-3461

[December 16, 2015]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm
Beach County; David E. French, Judge; L.T. Case No.
502013CP004860XXXXSB.

Michelle M. Thomas and Adrian P. Thomas of Adrian Philip Thomas,
P.A., Fort Lauderdale, for appellant.

Edward Downey of Downey & Downey, P.A., Palm Beach Gardens, for
appellees.

MAY, J.

The equitable doctrine of "Renunciation" is the central issue in this
appeal. The settlor's son, and a beneficiary under all versions of the Trust,
appeals an order dismissing five of six counts of his second amended
complaint, which sought to invalidate the Fourth and Fifth Amended
Trusts, and enforce the Third Amended Trust. He argues his failure to
repay distributions made to him from Trust proceeds should not prevent
him from challenging the Fourth and Fifth Amended Trusts. We agree and
reverse.

On October 20, 2004, the settlor executed his last will and testament
and Trust. The will pours over into the Trust. Over the course of the next
few years, the settlor executed five trust amendments. Each of the
Amended Trusts included provisions for the surviving spouse, except for

the Third Amended Trust.[1]

The son filed a second amended complaint seeking to invalidate the Fourth and Fifth Amended Trusts. The Trust and all of the Amended Trusts were attached to the second amended complaint. That complaint requested: the removal of the surviving spouse as trustee and appointment of a successor trustee; to set aside the Fourth and Fifth Amended Trusts for improper execution, invalidity under sections 736.0601 and 736.0402(1)(a), Florida Statutes, undue influence, duress, and tortious interference; and an accounting.

The son alleged that the Fourth and Fifth Amended Trusts were "executed at a time when [the settlor's] physical, mental, and emotional state were such that he lacked capacity or was unusually susceptible to undue influence." He further alleged that the surviving spouse exerted undue influence and duress to procure the Fourth and Fifth Amended Trusts.

The son alleged that the surviving spouse, as trustee, began sending him distributions under the Fifth Amended Trust, while failing to provide him with Trust documents he had requested. The distributions were sent to the son when he was in financial need, and the surviving spouse intended that he accept them to prohibit him from challenging the validity of the Fourth and Fifth Amended Trusts.

In paragraph 45 of the second amended complaint, the son renounced any interest he may have had in the Fourth and Fifth Amended Trusts. He alleged that Florida law did not require him to return the money he already received because he was entitled to an equal or greater amount under each of the Amended Trusts.

The surviving spouse moved to dismiss the second amended complaint with prejudice, arguing the son refused to do equity by not returning the distributions before seeking to challenge the Fourth and Fifth Amended Trusts. The trial court dismissed counts one through five with prejudice. The court found the son was required to return all prior distributions before he could challenge the Fourth and Fifth Amended Trusts. The court also found the son was entitled to a limited accounting of a subtrust created for his benefit. From this order, the son has appealed.

---

[1] At some point after executing the Third Amended Trust, the settlor filed for divorce from the surviving spouse, but was still married when he died. The settlor died from a stroke he suffered on the same day he and the surviving spouse were in a divorce settlement meeting.

The son argues the court erred in granting the motion to dismiss based on an affirmative defense. Alternatively, he argues that if an affirmative defense appears on the face of the complaint, he sufficiently alleged equitable estoppel to avoid it. The surviving spouse responds that the return of the distribution is a condition precedent to attacking the validity of the Fourth and Fifth Amended Trusts. The son replies that renunciation applies only when a party's inconsistent positions result in prejudice to another party.

We have de novo review. *Burgess v. N. Broward Hosp. Dist.*, 126 So. 3d 430, 433 (Fla. 4th DCA 2013) (citation omitted).

"A motion to dismiss tests the legal sufficiency of the complaint." *Grove Isle Ass'n v. Grove Isle Assocs., LLLP*, 137 So. 3d 1081, 1089 (Fla. 3d DCA 2014) (citation omitted). Here, the parties dispute whether the renunciation rule is an affirmative defense or a condition precedent. Regardless, the real issue is whether the renunciation rule applies to the son under the circumstances of this case. We find *Fintak v. Fintak*, 120 So. 3d 177 (Fla. 2d DCA 2013), helpful in arriving at the answer.

The renunciation rule is derived from English ecclesiastical courts. *Barnett Nat'l Bank of Jacksonville v. Murrey*, 49 So. 2d 535, 536–37 (Fla. 1950). "[B]efore the plaintiff will be permitted to contest the trust agreement through which he has derived this interest he must do equity . . . by renouncing his interest by some method or means sufficient in law to operate as a divestiture." *Id.* at 537. There are three rationales underlying the rule: renunciation 1) protects the trustee if the trust is invalidated, 2) shows that the suit is sincere and not vexatious, and 3) ensures the property is available for disposition and free from third-party claims. *Id.*

The Second District discussed the renunciation rule and its three underlying rationales in *Fintak*. There, the settlor created and funded a trust for his own benefit. *Fintak*, 120 So. 3d at 179–80. He later filed suit against the trustees to compel payment and set aside the trust based on, among other things, undue influence and lack of testamentary capacity. *Id.* at 180–81. During the pendency of the action, the settlor died, and his wife was substituted as plaintiff. *Id.* at 181.

The trustees moved for summary judgment, alleging that the settlor failed to renounce the benefits he had received before challenging the trust. *Id.* at 182. The trial court found renunciation was a condition precedent to challenging the trust's validity and entered summary

3

judgment for the trustees on the undue influence and testamentary capacity counts. *Id.* The wife appealed and argued that neither the renunciation rule nor estoppel applied. *Id.*

The Second District agreed with the wife and held the renunciation rule was inapplicable because "there can be no gift or devise to a settlor/beneficiary of a self-settled trust because his or her interest does not derive from the trust itself." *Id.* The settlor was the sole beneficiary, who would receive the benefits even if the trust never existed. *Id.*

The Trust in this case is not a self-settled trust, but the son is in a similar situation as the settlor in *Fintak*. He will receive more than the distributed amounts under any version of the Trust. Applying the three rationales underlying the renunciation rule, the son prevails. First, the trustee is protected because the son is entitled to more than the distributions made under any of the Amended Trusts. Second, the risk of vexatious and insincere claims is present in any case, but no more so here. Third, the distribution to the son is free from third-party claims as he is entitled to more than the distributed amount. "[A]n individual cannot be estopped from challenging an instrument by accepting that which he or she is legally entitled to receive regardless of whether the instrument is sustained or overthrown." *Id.* at 185.

The trial court erred in dismissing the first five counts of the second amended complaint with prejudice. Although the son did not restore the monies received, the renunciation rule is inapplicable where none of the three rationales support its application.

*Reversed and Remanded.*

GROSS and CONNER, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**